## SUPREME COURT — APPELLATE DIVISION — FOURTH DEPARTMENT.

### May 2, 1923.

### THE PEOPLE v. MORRIS DEITSCH.

(205 App. Div. 446.)

RAPE—EVIDENCE—TESTIMONY OF COMPLAINING WITNESS NOT CORROBORATED WITHIN PENAL LAW, § 2013.

> Testimony of the complaining witness, a child nine years of age, on a prosecution for rape, is not sufficiently corroborated under section 2013 of the Penal Law by evidence which shows merely that the defendant was in the vicinity of child's home at about the time of the alleged crime.

> CLARK and DAVIS, JJ., dissent.

APPEAL by the defendant, Morris Deitsch, from a judgment of the Supreme Court, rendered against him at the Erie Trial Term on the 29th day of September, 1922, convicting him of the crime of rape in the first degree.

*John J. Brown,* for the appellant.

*Guy B. Moore, District Attorney (John J. Kane, Assistant District Attorney,* of counsel), for the respondent.

CROUCH, J.:

The defendant was convicted of rape in the first degree. The commission of the crime was sufficiently proved. The sole question was whether or not the defendant committed it. He was identified by the complaining witness, a child about nine years of age. The only corroborating evidence was given by a woman residing nearby who testified that she saw defendant on the morning in question about ten minutes to eight standing in the street or in the entrance in front of the premises where the

child lived; that he was standing still and muttering something. The child said the assault occurred about eight o'clock.

At most that was merely evidence of opportunity. It does not give the support required by law to the testimony of the female defiled. (Penal Law, § 2013; People v. Countryman, 201 App. Div. 805; People v. Kingsley, 166 id. 320; People v. Shaw, 158 id. 146; People v. O'Farrell, 175 N. Y. 326.)

The judgment of conviction should be reversed and a new trial granted.

All concur, except CLARK and DAVIS, JJ., who dissent and vote for affirmance.

Judgment of conviction reversed and new trial granted.