THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* SUMNER HASKALL, Defendant.

Supreme Court, Steuben County, June 20, 1925.

**Crimes — rape — certificate of reasonable doubt — corroborative evidence tends to establish commission of crime by defendant — fact of penetration need not be established by direct evidence.**

The application by the defendant for a certificate of reasonable doubt upon the conviction of rape in the second degree, made on the ground that there was a failure of corroborating evidence as required by section 2013 of the Penal Law, must be denied, since the corroborating evidence tends to establish that the crime was committed by the defendant, and, therefore, satisfies the statute.

The contention by the defendant that the corroborating evidence of the fact of penetration must be direct and not circumstantial cannot be sustained.

APPLICATION for certificate of reasonable doubt upon a conviction of rape in the second degree.

*Guy W. Cheney, District Attorney,* for the plaintiff.

*Whiteman & Hill,* for the defendant.

THOMPSON, J.:

The defendant has been convicted of the crime of rape in the second degree, and has applied for a certificate of reasonable doubt upon the sole ground that there is a failure of corroborative evidence against him as required by section 2013 of the Penal Law. The stenographer's minutes of all of the testimony claimed to be in support of the evidence of the prosecutrix has been submitted and carefully read.

The general rule is that the corroborating testimony should tend to show the material facts necessary to establish the commission of the crime and the identity of the person committing it. (*People* v. *Deitsch,* 237 N. Y. 300.)

In this case there is no question about the identity of the person alleged to have committed the crime; the only question being whether the commission by him of the act constituting the crime is established. To such facts the complaining witness has sworn

in detail, and I consider that there is also sufficient corroboration of these facts to sustain the conviction.

The contention that corroborating evidence of the actual fact of penetration was not produced cannot be sustained. It is well settled that in such cases the corroborating evidence need not be direct but may be circumstantial; " and this is necessarily the rule, else few convictions could be secured even in flagrant cases." (*People* v. *De Nigris*, 157 App. Div. 798.)

Reflecting the present attitude of the courts in such cases the *Deitsch Case* (*supra*) is most instructive; the conviction in that case was reversed by the Appellate Division, Fourth Department, Mr. Justice CROUCH writing, *upon the ground* that the corroborating evidence *was insufficient.* (See 205 App. Div. 446.) In the Court of Appeals on appeal it was held that the corroborating evidence *was sufficient,* but that errors in the admission of testimony made a new trial necessary. In neither court was mention made of the total lack of direct corroborative evidence of penetration.

In the consideration of questions arising under the section, it must be remembered that the " other evidence " required is not evidence sufficient in itself to establish the commission of the crime by the defendant, but evidence that *tends* to establish that the crime was committed by him. (*People* v. *Downs*, 236 N. Y. 306, 308; *People* v. *Hayes*, 210 App. Div. 549.)

The application must be denied, there being sufficient testimony in support of the testimony of the defiled child from which the jury was abundantly justified in finding a verdict of guilty.