THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* WALTER STANLEY MARSHALL, Appellant.

Third Department, March 27, 1958.

*Irving H. Lessen* for appellant.

*Harold F. Simons, District Attorney,* for respondent.

*Per Curiam.* Upon the trial of this action under an indictment charging the defendant with having committed rape in the first degree, the complainant testified that defendant signalled her to stop her automobile on a public highway and, falsely representing to her he was a deputy sheriff looking for a stolen car, directed her to get in the car he was driving to obtain the registration certificate for her car which she did not have with her.

The complainant got into defendant's car, but when, instead of continuing in the direction of her home, he turned into a back road, complainant became frightened and jumped out. In thus jumping she sustained a compound fracture of the shank of the middle and lower third of the right tibia and fibula.

Defendant stopped the car, backed it, picked complainant up and placed her in the back seat. He told her he had a knife and would use it; there was a knife in his hand and she felt the blade against her body. In this state of compulsion and fear she allowed defendant to have intercourse without a struggle or physical resistance.

There was some bleeding from her injury and defendant tore a rag and wrapped it around complainant's leg. Defendant then brought complainant back to her own car which she was unable to start because of her condition; and she was later assisted by another motorist to a hospital where her injury was treated.

At the hospital she told the surgeon who reduced her fracture and others that she had been criminally assaulted; a vaginal examination was made showing the presence of human sperm cells and semen and a police investigation of the crime was instituted.

Complainant did not previously know and had never before seen the defendant; but her identification of him on the trial was clear and definite. The defendant was convicted by the jury, and since the entire narrative of facts here stated, except occurrences at the hospital, depend on the complainant's testimony, the main problem on the appeal is whether there has been sufficient corroboration of her account as required by section 2013 of the Penal Law.

If sufficiently corroborated, the facts as disclosed by complainant would warrant a conviction for rape, first degree, committed through " fear of immediate and great bodily harm, which she has reasonable cause to believe will be inflicted on her " (§ 2010, subd. 3). The statutory requirement is that there be " other evidence " to support the complainant's testimony (§ 2013). The practical corroborative requirement here mainly is not whether there was a rape; mainly it is whether " the defendant was the one who committed the crime ". (*People* v. *Downs,* 236 N. Y. 306, 308; *People* v. *Terwilliger,* 74 Hun 310; *People* v. *Yannucci,* 258 App. Div. 171.)

The sufficiency of the " other evidence " as to identity of the defendant thus becomes a crucial issue. When complainant was brought to the hospital a blood-stained rag was found tied around the outside wound of the leg and there is adequate proof that this rag was preserved and identified. As a result of the police investigation, an automobile meeting many of the descriptive criteria testified to by the complainant, owned by a man related to the defendant, and to which defendant had access, a key for which was found in defendant's possession when arrested, and which was found parked in the yard of the house where defendant lived, was carefully examined by the police. The police testified that defendant admitted he had been driving that car the night of the crime.

In the car police testified they found a rag which on being given various tests in a police laboratory was clearly demon-

strated on the trial to match in thread count, quality and lines of tear the rag found wrapped around complainant's leg. Photographic reproduction of the corresponding lines of tear when the two pieces of cloth are placed in relation seems a clear demonstration that the exhibits are both fragments from the same original cloth; and this is demonstrable from the exhibits in their present condition.

In this car was found a knife identified by complainant as feeling similar to the knife used, and which she said she felt. Human blood stains were found on the back seat of this car. The complainant had testified that as she lay in the back seat she had wiped blood from her leg on the seat. There are some other facts aimed at identification which have some slight effect tending to meet the test of "other" independent evidence of corroboration; but which have markedly less value in this direction than the main corroborative facts.

A fellow prisoner in the jail testified that defendant admitted to him that he had had intercourse with complainant "but they will never prove it". This prisoner was, no doubt, strongly motivated to gain favor of the prosecution; but his testimony as tested by exhaustive cross-examination is neither to be regarded as incredible as a matter of law nor as requiring a new trial on the weight of the evidence on a review of the facts. The jury could have accepted it as some "other evidence" of defendant's identification in support of complainant's testimony.

Defendant did not take the stand. Our analysis of this record leads us to the conclusion there was sufficient "other evidence" in support of complainant's testimony that defendant had raped her to justify its submission to the jury.

Appellant complains also on appeal that the court should have required the State police to produce for his inspection their files, reports and statement in the case. The materiality of these files and reports is not demonstrated. It is speculated in the appellant's brief that "It may well have been" that the "file contained direct contradictions" of the testimony of State police officers and may have contained notes or statements in conflict with complainant's testimony.

The work sheets and files of an adverse party in a criminal or civil case will not ordinarily be made available to the other party. If a party has in court material which would itself be competent for admission as an exhibit in evidence if relevant, he may be required to produce it. The provisions of section 66 of the Public Officers Law, on which the People rely, seem to have no bearing on this problem. The question is not whether

the papers are "confidential"; it is whether they would be themselves admissible as material exhibits. Even as to such potential exhibits there is under State practice some measure of discretion vested in the Trial Judge (*People* v. *Miller,* 257 N. Y. 54) and there must be some demonstration that there is "evidence" in the possession or control of the prosecution "favorable to the defendant". (*People* v. *Walsh,* 262 N. Y. 140, 150.)

No such demonstration has been made in the vague speculations of possibility here advanced by defendant on appeal. In the *Walsh* case the court reaffirmed the principle that the defense has no right to go "upon a tour of investigation, in the hope they would find something which would aid them".

There is, of course, a certain unreality in a requirement that a defendant demonstrate both the existence and the materiality of the evidence he seeks opportunity to examine and offer before he will be allowed to do so. In the Federal practice the Government may be required to show any statements in its possession of a Government witness whose testimony is used on the trial so that the statements may be used in cross-examination (*Jenks* v. *United States,* 353 U. S. 657). But until now the New York rule has not gone as far as this; and requires demonstration in the record of the materiality as well as the existence of the evidence. We do not read this record as showing defendant has met such a requirement. The other errors assigned on appeal do not require discussion.

The judgment should be affirmed.

FOSTER, P. J., BERGAN, COON and GIBSON, JJ., concur.

Judgment affirmed.