## COURT OF APPEALS.

### July 13, 1923.

## THE PEOPLE v. HOWARD DOWNS.

(236 N. Y. 306.)

(1) RAPE IN SECOND DEGREE—CORROBORATION REQUIRED OF TESTIMONY OF COMPLAINANT.

"No conviction can be had for rape or defilement upon the testimony of the female defiled, unsupported by other evidence." (Penal Law, § 2013.) The "other evidence" required by the statute must be of such character as tends to establish, first, that the crime of rape was committed by somebody, and, second, that the defendant was the one who committed the crime, and whether consisting of acts or admissions must extend to every material fact essential to constitute the crime.

(2) SAME—ADMISSION BY DEFENDANT THAT HE HAD "FOOLED WITH HER" DOES NOT IMPLY CONFESSION OF CRIME OF RAPE.

Upon trial of an indictment for rape, an admission by defendant that he and complainant were in company together and that defendant "had fooled with her" is insufficient corroboration of unsupported testimony of the complainant that she had been defiled to permit a jury to infer that defendant had committed the crime charged. The expression "fooled with her" is not devoid of innocent interpretation and does not imply a confession of the crime of rape.

People v. Downs, 203 App. Div. 872, reversed.

(Argued June 5, 1923; decided July 13, 1923.)

APPEAL from an order of the Appellate Division of the Supreme Court in the Second Judicial Department, entered November 2, 1922, which affirmed a judgment of the Suffolk County Court rendered upon a verdict convicting the defendant of the crime of rape in the second degree.

*John R. Vunk* and *George W. Percy,* for appellant. There was no evidence to corroborate the complainant nor any proof of actual penetration. (People v. Seaman, 152 App. Div. 495; People v. Kline, 152 App. Div. 438; People v. Shaw, 158 App. Div. 146; People v. Farina, 134 App. Div. 110; People v. Page, 162 N. Y. 272.) Upon the errors in the charge of the court the judgment should be reversed. (People v. Page, 162 N. Y. 272; People v. Shaw, 158 App. Div. 146; Penal Law, § 2013; People v. Seaman, 152 App. Div. 495; People v. Kline, 152 App. Div. 438; People v. Farina, 134 App. Div. 110.)

*Le Roy M. Young, District Attorney (C. B. Partridge,* of counsel), for respondent. The girl's statement that an act of sexual intercourse was perpetrated upon her by the defendant upon the occasion in question is corroborated. (People v. Green, 103 App. Div. 79; People v. Page, 162 N. Y. 272; People v. De Nigris, 157 App. Div. 898.)

HOGAN, J.:

The defendant, appellant, Downs, was tried and convicted of the crime of rape, second degree. The conviction was affirmed by the Appellate Division by a non-unanimous decision, and defendant appeals to this court. We do not deem it necessary to recite the details of the alleged crime, save only as the same are essential to a disposition of the fundamental question presented by this appeal, and which formed the basis of the dissent by two justices of the Appellate Division.

The complainant was sixteen years of age and lived with her mother and stepfather. Defendant is a married man living with his family and is a third cousin of complainant. Upon the trial evidence as to his good reputation was adduced from several witnesses. Defendant's occupation was operating an automobile for hire.

The testimony of complainant was in effect that she was

upon the dock at Port Jefferson, having gone there about 3 o'clock in the afternoon out of curiosity to see the boat arrive and depart, and while there she met the defendant, who asked her if she wanted to take a ride.   She replied she did and stepped into the car.   Together the plaintiff and defendant rode to Belle Tere Club house, where defendant took on three passengers, two of whom he left at the railroad station and returned therefrom to the clubhouse with the third passenger, the complainant at all times being in the car.   Having discharged the third party at the clubhouse, he then started back towards the station and then towards Coram.   While thus riding they stepped out of the car and he outraged her.   Afterwards they returned, first to the dock and then to her home, arriving there some time about 5 o'clock in the afternoon.   The prosecutrix made no complaint to her mother that evening but attended a camp meeting.   The following morning she informed her mother the defendant had violated her person.

"No conviction can be had for rape or defilement upon the testimony of the female defiled, unsupported by other evidence."   (Penal Law, § 2013.)   The "other evidence" required by the statute must be of such character as tends to establish, first, that the crime of rape was committed by somebody, and, second, that the defendant was the one who committed the crime (People v. Terwilliger, 74 Hun, 310; affd. on opinion below, 142 N. Y. 629) and whether consisting of acts or admissions must extend to every material fact essential to constitute the crime.   (Underhill on Criminal Evidence, p. 74; People v. Page, 162 N. Y. 272, 274.)

The trial judge charged the jury upon the subject of corroboration, "You must come to the part of the case, *and upon this part alone,* is the reason for the court submitting the case to you," and thereupon referred to the testimony of one Dreyer, a witness in behalf of the People.   Dreyer testified he was well acquainted with the defendant, and the day following the alleged crime he had a conversation with defendant in

which he told him that " Mrs. Davis claims that her daughter had told her that he (defendant) had raped her yesterday." Defendant replied, " It isn't true, I didn't do so." The witness then said to him, " That is a pretty serious crime if it is true," and defendant replied, " I tell you that I did not do it." At that time there were present Mr. and Mrs. Norton (Mrs. Davis), the mother and stepfather of complainant, the defendant and the witness. The defendant further said that he could not understand how the complainant would say such a thing. He said he took her in the car—" I took her to Belle Tere and from there to the station and then she asked me to go for a ride and I took her to Coram in my car." Thereupon witness said that he was not a justice of peace, and they ought to see Mr. Smith in that regard. Mr. and Mrs. Norton then left the room, and the witness said to defendant, " Howard, this is a serious thing, if you did the thing you deserve real punishment," and defendant replied, " I didn't do it," and said, " I will admit to you that I fooled with her but I didn't rape her."

The trial judge reiterated that his conclusion to submit the case to the jury upon the subject of corroboration was solely due to and dependent upon the evidence of Dreyer, as to the admission of defendant, " I will admit to you that I fooled with her but I didn't rape her." At the close of the charge counsel for defendant asked the court to charge the jury that taking out of the case the testimony of Dreyer and not considering that of importance enough to them to warrant a conviction, the other testimony in the case is insufficient to convict and they must acquit defendant. The court refused to so charge but did charge, " I will say to the jury that it is by reason of Justice Dreyer's testimony upon that point that I submit the case to them." Counsel then asked the court to charge the jury that taking from the case the statement, if any, made by this defendant and testified to here in this case the evidence is insufficient to convict and they must find a verdict of not guilty, and the court so charged.

Counsel for defendant, addressing the court, said: " I understand your honor to say not only that you left to the jury the question of what Dreyer testified that the defendant said, but that you left to the jury the interpretation which should be put upon the remark the defendant made and what it meant, is that correct? If it is, I except to it." The court said: " Yes, my intention to leave to the jury is this: What did those words mean, taken in connection with what had been said at that time and place by Justice Dreyer to the defendant; what did he mean by it; what did that admission mean?" to which counsel took an exception.

Exception was also taken to that part of the charge of the trial judge to the jury that the evidence of Dreyer was to be considered upon the subject of corroboration. Counsel for defendant also requested the court to charge that " if they find that the defendant did say to the witness Dreyer as testified by him the words ' I fooled with her ' or ' I might have fooled with her,' that that statement standing as an admission is insufficient as matter of law to constitute corroboration of the girl's story upon the question of penetration." The court refused to make such a charge and exception was taken thereto.

Counsel further asked the court to charge that the legal interpretation of that statement would be an admission upon the part of the defendant only that he had commimtted a misdemeanor and could not in any way tend to corroborate the complainant witness that he had committed a felony, which was refused and exception taken.

The trial judge in substance held that the evidence of the complainant that she had been defiled was lacking in corroboration save by the admission made by defendant that he and complainant were in company together and defendant had " fooled with her." In other words, there was no other corroboratory evidence that the complainant had been outraged. While we are in accord with the views of the trial judge that there was no corroboration of the evidence of complainant that

the crime of rape had been committed by defendant, we are at variance with his charge that the admission of defendant that he had "fooled" with complainant, coupled with his unqualified denial that he raped her, was evidence from which the jury should be permitted to infer that defendant had committed the crime of rape and thus corroborated the testimony of complainant on that subject. By reason of the words "fooled with her," the jury was permitted to find that the crime of rape had been committed and that defendant had committed that crime, notwithstanding his emphatic denial to the contrary. The expression "fooled with her" is not devoid of innocent interpretation. Assuming, however, that the expression as used by defendant in the instant case might imply an admission that that he had been guilty of indecent familiarities, it did not imply a confession of the crime of rape in either degree. In People v. Page (infra) the defendant was indicted and convicted of the crime here charged against defendant. He admitted that he had "insulted the girl," which was more comprehensive than "fooled with her." This court held that it was possible for a man to insult a female without committing or attempting to commit the crime of rape, that there was no legal connection between an insult and a felony and an admission of the former did not tend in the least to prove the commission of the latter.

The order and judgment should be reversed and a new trial granted.

HISCOCK, Ch. J., POUND, McLAUGHLIN, CRANE and ANDREWS, JJ., concur; CARDOZO, J., concurs in result on the ground of lack of corroborative evidence that a rape was committed on the person of the complainant by any one.

Order and judgment reversed, etc.