# COURT OF APPEALS.

## December 27, 1923.

## THE PEOPLE v. MORRIS DEITSCH.

### (237 N. Y. 300.)

(1) RAPE—CHILD—EVIDENCE—IDENTIFICATION OF DEFENDANT BY CHILD—
WHEN HER TESTIMONY NOT SUFFICIENTLY CORROBORATED, SO INCOMPETENT
EVIDENCE CAN BE OVERLOOKED.

Complainant against a defendant indicted for the crime of rape
was a child eight years of age, whose condition after the alleged assault,
as appeared from a medical examination, was sufficient to support her
story that a rape had been committed. Her identification of the
defendant was corroborated only by one witness who stated that she
saw the defendant standing at the gate of the house, in which the
complainant lived, a few minutes before the alleged time of the assault.
This testimony was accepted by the jury as true but the defendant
both by his own testimony and that of others falsely attempted to
establish an alibi. Such testimony reflects upon the character of
defendant's presence in the street at the time stated and justifies the
inference that it was a guilty presence. Under the circumstances there
is sufficient corroboration as to the identity of the criminal.

(2) SAME.

There is testimony that immediately after the assault the child made
complaint to a neighbor. This testimony was competent, but evidence
that half an hour later, not as the natural result of reaction to the
crime, but in reply to questions, she gave the details concerning it to
a policeman, was inadmissible. Any incompetent testimony tending
to strengthen in the minds of the jury the identification of the defendant
by the complainant was harmful. Hence, the judgment of conviction
may not be affirmed under section 542 of the Code of Criminal Procedure.

*People* v. *Deitsch,* 205 App. Div. 446, reversed.

APPEAL from an order of the Appellate Division of the
Supreme Court in the fourth judicial department, entered
May 2, 1923, which reversed a judgment rendered at a Trial
Term for the county of Erie upon a verdict convicting the
defendant of the crime of rape in the first degree and granted
a new trial.

*Guy B. Moore, District Attorney (John J. Kane* of counsel), for appellant. The testimony of the police officer as to disclosures made to him by complainant was competent. (People v. Sullivan, 104 N. Y. 481; People v. Terwilliger, 74 Hun, 310; People v. Countryman, 201 App. Div. 805.) The corroboration of complainant's testimony extended to every material element of the crime charged against defendant. (People v. Maggiore, 189 N. Y. 514; Constitution, art. 6, § 9.) The testimony of complainant was supported by other evidence tending to connect defendant with the commission of the crime. (People v. Dixon, 231 N. Y. 111; People v. Elston, 186 App. Div. 224; People v. Cullen, 23 N. Y. S. R. 559.)

*John J. Brown,* for respondent. It was reversible and prejudicial error to permit the police detective to testify to the details of the conversation had with complainant. (Baccio v. People, 41 N. Y. 265; People v. Friedman, 139 App. Div. 795; People v. Werner, 135 N. Y. Supp. 1134.) The proof fell far below the standard of rebutting the presumption of innocence and of proving guilt beyond a reasonable doubt, and, therefore, the trial court should have directed an acquittal. (People v. Ledwon, 153 N. Y. 10; People v. Manten, 184 App. Div. 767.) The indictment should have been dismissed and the defendant discharged because there was no evidence corroborating the testimony of the complainant. (People v. Page, 162 N. Y. 272; People v. Shaw, 158 App. Div. 146; People v. Montlake, 184 App. Div. 578; People v. Dixon, 231 N. Y. 111; People v. Becker, 215 N. Y. 126; People v. Murray, 170 N. Y. Supp. 873; People v. Taleisnik, 225 N. Y. 489; People v. Page, 162 N. Y. 272.)

ANDREWS, J.:

The defendant was convicted of the crime of rape. His conviction was reversed in the Appellate Division and he was granted a new trial on the ground that there was no sufficient

evidence supporting the testimony of the complainant. (Penal Law, § 2013.) We agree that this result was right but not, however, for the reason given in the court below.

The general rule is that the corroborating testimony should tend to show the material facts necessary to establish the commission of the crime and the identity of the person committing it. (People v. Plath, 100 N. Y. 590.) Here the complainant was a child eight years of age. Her physical condition immediately after the alleged assault and the result of a medical examination was sufficient to support her story that a rape had been committed. In addition there was needed corroboration of her statement that the defendant was the guilty party. We have these facts bearing upon the question. The child's father, mother and grandmother, who lived with her, left the house at ten minutes to eight o'clock in the morning. At eight o'clock she says the defendant forced his way in and committed the crime. An independent witness states that she saw the defendant standing in the street at the gate in front of the house in which the complainant lived a few minutes before eight. This fact was accepted by the jury as true. The defendant, however, both by his own testimony and by the testimony of two other witnesses falsely, it is found, attempted to establish an alibi. This testimony reflects upon the character of his presence in the street at the time stated and justifies the inference that it was a guilty presence. Under these circumstances there is sufficient corroboration as to the identity of the criminal. (People v. Terwilliger, 74 Hun, 310; affd., 142 N. Y. 629; People v. Goffredo, 232 N. Y. 516; People v. Gorski, 236 N. Y. 673.) The Gorski case is in point. The deceased was murdered outside of a saloon. The stories of the accomplices charged the defendant with the commission of the crime. That the crime was committed by some one was admitted. The only corroborating evidence tending to connect Gorski with it was the fact that very shortly after the murder he was

seen walking in a direction away from the saloon and at a distance from it of some one hundred and thirty feet, with two other men, one of whom was not alleged to have participated in the murder.   Gorski denied that he was present at the scene of the crime and, as in this case, set up a false alibi.   We held that the presence of Gorski in the neighborhood falsely denied by him was sufficient corroboration.   His denial tended to show that his presence was not innocent.   While the statute in regard to the corroboration of accomplices is not identical in language with that now before us, precedents applicable in the one case may well guide us in the other.   (People v. Terwilliger, supra; People v. O'Farrell, 175 N. Y. 323.)

We think, however, incompetent testimony damaging to the defendant was admitted over his objection and exception. Immediately after the assault it was shown that the child made complaint to a neighbor.   Such testimony was competent. (People v. O'Sullivan, 104 N. Y. 481.)   Half an hour later, not as the natural result of reaction to the crime but in reply to questions she gave the details concerning it to a policeman. Those details given by him were inadmissible.  (Baccio v. People, 41 N. Y. 265.)   The error might have been overlooked as the circumstances of the assault appear elsewhere in the case, except that she described the criminal as a stout man, wearing a straw hat, a description that fitted the defendant.   The identification of the defendant was not altogether satisfactory.   The testimony of the witness who testified she saw him by the gate on the morning in question was somewhat shaken on cross-examination.   The child who recognized him as the criminal was young.   Two apparently disinterested witnesses testified to facts which if true established an alibi.   Any incompetent testimony tending to strengthen in the minds of the jury the identification of the complainant was harmful. We may not in this case affirm under section 542, Code of Criminal Procedure.

The judgment appealed from must be affirmed.

HISCOCK, Ch. J., CARDOZO and POUND, JJ., concur; HOGAN, McLAUGHLIN and CRANE, JJ., concur in result and on additional ground that there was not corroborating evidence.

Judgment affirmed.