THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.*
JOHN CROES, Appellant.

Argued March 5, 1941; decided April 24, 1941.

*Abraham Brill, Frank F. Bergenfeld* and *Herbert Baer Brill* for appellant.

*William O'Dwyer, District Attorney (Henry J. Walsh* of counsel), for respondent.

DESMOND, J.  Defendant has been convicted of the crime of rape, second degree.  The indictment reads in part: " The defendant on or about July 11, 1939, in the county of Kings, perpetrated an act of sexual intercourse with Viola Jackson, a female, not his wife, and aged sixteen years."  On the trial Viola Jackson testified to the circumstances of the crime and her own willing participation in the act.  The major question upon this appeal is whether her testimony is supported by " other evidence."  (Penal Law, § 2013.)

Early in the month of September, 1939, defendant received a telephone summons from complainant's mother. When he arrived at the house complainant told him that she had been to see a doctor, and that while the doctor had not said so, she thought that she was pregnant. She accused the defendant of being responsible for her condition. He replied that he " did not believe it — did not see how it was possible." Thereafter defendant accompanied complainant and her mother to the doctor's office, and gave the doctor six dollars " to have an Aschen-Zondek test done for pregnancy." The trial judge submitted to the jury the question of the inference to be drawn from defendant's conduct after he had been accused by complainant, with instructions that if the jury found such conduct to be as consistent with innocence as with guilt, then " they must disregard that evidence as being corroborative of the crime charged." The trial judge, however, refused to charge the jury that if they so found, defendant should be acquitted, stating, " that the Jury may find other facts in the case which are corroboration of the complaining witness."

In view of defendant's testimony that he did not commit the crime and his reply when first accused, his conduct in taking complainant to a doctor for examination cannot be said as matter of law to constitute an admission of guilt. He may have been attempting to prove thereby his own assertion of innocence. Under the circumstances it was entirely proper for the trial judge to leave to the jury the inference to be drawn from defendant's acts. What inference the jury drew is not known. We must, therefore, inquire as to the correctness of the trial judge's charge to the jurors that, if they should find that defendant's conduct in going to the physician's office with complainant and paying for the test was consistent with his innocence, they could still find other facts in the case sufficient to corroborate the testimony of the complaining witness.

" No conviction can be had for rape or defilement upon the testimony of the female defiled, unsupported by other evidence." (Penal Law, § 2013.) " The ' other evidence '

required by the statute must be of such character as tends to establish, *first, that the crime of rape was committed by somebody*, and, *second*, that the defendant was the one who committed the crime (*People* v. *Terwilliger*, 74 Hun, 310, affd., on opinion below, 142 N. Y. 629) and whether consisting of facts or admissions must extend to every material fact essential to constitute the crime. (Underhill on Crim. Evidence, p. 74; *People* v. *Page*, 162 N. Y. 272, 274.) " (*People* v. *Downs*, 236 N. Y. 306, 308.) (Italics new.)

Apart from complainant's own testimony there is in this record no evidence that a crime was committed by this defendant. The trial judge refused to permit the introduction of proof of complainant's pregnancy. When such proof was given by defendant on cross-examination, it was stricken from the record. If complainant, an unmarried female under the age of eighteen, was pregnant, proof of such fact would have been admissible to show that a crime had been committed although it would not, standing alone, satisfy the statutory requirement of " other evidence," (*People* v. *Whitson*, 195 App. Div. 910; 234 N. Y. 517.) The doctor who examined complainant testified for the People but his testimony as to her condition is not probative of the commission of the crime. (*People* v. *Brehm*, 218 App. Div. 266, 271.) Other witnesses for the People testified to admissions by defendant and other circumstances, tending to establish that defendant was with the complaining witness on the night specified in the indictment. Their statements, however, do not show that a crime was then, or at any time, committed by this defendant.

Defendant, as a witness in his own behalf, denied being with complainant on the night of July 11th and otherwise accounted for his activities on that date. His testimony was supported by that of two other witnesses. The prosecution argues that, since the jury must have found the testimony for defendant in this respect to be false, his false statement permitted an inference that his presence with complainant on the night of July 11th was a guilty one, and constituted other evidence within the intendment of the statute. (*People* v. *Deitsch*, 237 N. Y. 300.) In the

case cited the defendant was charged with rape, and he likewise, in contradiction of an independent witness, testified that he was elsewhere than at the scene of the crime shortly before it was alleged to have occurred. The court held that " This testimony reflects upon the character of his presence in the street at the time stated and justifies the inference that it was a guilty presence. Under these circumstances there is sufficient corroboration as to the identity of the criminal." In the *Deitsch* case, however, there was independent proof that a crime had been committed. Complainant there was an eight-year old child. The court found that " Her physical condition immediately after the alleged assault and the result of a medical examination was sufficient to support her story that a rape had been committed " (pp. 302, 303). In the present case there is no evidence in the record as to complainant's physical condition that would support her story that a rape had been committed. In the absence of any independent proof that a crime has been committed, a false denial by the defendant of presence at the scene of an alleged crime may give rise to an inference that his presence was a guilty one, but guilt of a particular crime, or even of any crime, may not also be inferred.

As the evidence, aside from the conduct of defendant in taking the complainant to a physician to be examined, does not show that a crime was committed, the trial judge erred in refusing to charge that if the jury found defendant's conduct in that respect to be consistent with innocence then defendant should be acquitted.

The judgments should be reversed and a new trial ordered.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, LEWIS and CONWAY, JJ., concur.

Judgments reversed, etc.