THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES E. REARDON, Appellant.— Judgment of the County Court, Kings County, convicting appellant of the crime of perjury in the first degree, unanimously affirmed. No opinion. Present — Nolan, P. J., Carswell, Adel, Schmidt and Beldock, JJ.

■

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. NILO BETRAM RIVERA, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. NICHOLAS LEONARDO RICHICHI, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SOLOMON MEYERS, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HARRY J. ADAMOS, Appellant.— Appeal by defendants from a judgment of the County Court, Westchester County, convicting them of a conspiracy to commit assault in the third degree. Judgment affirmed. The confessions furnished the "key" to explain the facts and circumstances established by the proof independent of the confessions. (*People* v. *Ouozzo*, 292 N. Y. 85, 92.) The defendants were near the home of the intended victim at about the hour he would return from work. He operated a Mercury car. That was not at the house when defendants were first seen in the vicinity of the house. They left and returned. At that time the victim and police were standing near the house. The defendants continued past in an automobile and kept going for one half to three quarters of a mile in spite of the blowing of the siren of the police car which followed. The jury could find that they saw the victim and the police. When stopped, all of them stated they had been hunting in the Catskills and were lost. The jury could find that such statements were false and that the only hunting which defendants had been doing was to find the intended victim. The jury could conclude from the false statements that the presence of the defendants at the time and place was not to make an innocent social or business call on a man they did not know. (Cf. *People* v. *Deitsch*, 237 N. Y. 300.) Carswell, Adel and MacCrate, JJ., concur; Nolan, P. J., and Beldock, J., dissent and vote to reverse the judgment and to dismiss the indictment on the ground that, aside from the confessions, there was no proof of the conspiracy charged in the indictment, or of any overt act pursuant thereto.