Burke, J.
The defendant was indicted on one count for the crime of rape, misdemeanor. He was subsequently adjudicated a youthful offender and sentence was imposed, the execution of which was suspended and the defendant placed on probation.
The only question raised on this appeal is whether there is “ other evidence ” sufficient to support the testimony of an adolescent female allegedly defiled.[1]
*219 The defendant contends that the evidence is insufficient to support the charges of sexual intercourse and of the defendant’s role as a party to such an act.
The “ other evidence ” required by law must be of the character that tends to establish first, that the crime of rape was committed, and, second, that the defendant was the one who committed the crime (People v. Terwilliger, 74 Hun 310, affd. on opinion below 142 N. Y. 629; People v. Downs, 236 N. Y. 306; People v. Croes, 285 N. Y. 279).
The supporting evidence may come in many forms, including admissions and circumstantial evidence.
Here, unlike a great many of these cases, there is strong medical proof taken within a short period after the rape occurred which adequately demonstrates that sexual intercourse was had with the complainant. This expert testimony, taken together with the girl’s testimony, establishes the commission of the crime beyond a reasonable doubt (People v. Deitsoh, 237 N. Y. 300).
In order to identify the defendant as an actor in the commission of the crime, the People rely upon the following evidence. Neighbors saw the complainant and the defendant conversing in the driveway outside of the house in which the complainant claimed she was raped. Within a short time the defendant, who did not reside there, escorted the girl into the house and shortly thereafter was seen to return and close the entrance door which had been left open. Between 20 and 30 minutes thereafter complainant was seen alternately running and walking down the driveway. Later defendant was observed in the act of picking up a wooden jewel box and its contents in the yard. The householder who had been away from home during the visit of the girl described a jewelry box owned by her which was kept on her vanity in the bedroom. On her return she found the jewel case on her vanity and noticed a hole had been made in the screen at an open window during her absence.
The complainant testified, after identifying the defendant as one of the three rapists, one of whom lived in the house into which defendant led her, that, in resisting the attack made on her person while in the bedroom, she picked up a wooden jewelry box from a dresser and threw it through the bedroom window, breaking the screening thereon.
*220 Thus there is proof that the bedroom screen was broken and that the defendant returned the wooden jewelry box and its contents to its accustomed place after the alleged rape was performed.
It is defendant’s theory that this evidence is only proof of the defendant’s opportunity to commit the crime and that proof of mere opportunity is not the “other evidence” tending to connect the defendant with the commission of the act. The defendant further argues that the jewelry box episode adds only a quality of credibility to the testimony of the complainant but does not contribute support to the girl’s identification of the defendant as a despoiler.
Of course the cases cited by the defendant hold that mere opportunity does not constitute sufficient corroborative evidence to prove both the commission of the crime and a defendant’s connection with it. But as we read the cases, we find there was no independent proof that a crime was committed on the person of the complainant. There was an absence of medical or physical evidence sufficient to establish sexual intercourse. In some cases the evidence lacked any probative value due to the particular facts of the case with the result that the only evidence that was present was the complainant’s testimony and the proof of the opportunity of the defendant (see, e.g., People v. Downs, supra; People v. Page, 162 N. Y. 272; People v. Brehm, 218 App. Div. 266; People v. Kingsley, 166 App. Div. 320; People v. Seaman, 152 App. Div. 495; People v. Kline, 152 App. Div. 438; cf. People v. Croes, 285 N. Y. 279, supra).
For instance, in People v. Downs (236 N. Y. 306, 309, supra), the question presented was whether certain statements of the defendant amounted to an admission of the crime of rape in the second degree as testified to by the complaining witness. There was no other corroborative evidence present. We held that the fact that the defendant admitted that he was with the girl at the time she alleged the defilement occurred, coupled with his statement that he had “ fooled with her but [he] didn’t rape her ”, would not permit the jury to infer that the crime of rape had in fact been committed and that the defendant was the guilty party.
Such statements, naturally, do not amount to admissions on the part of a defendant that a crime was committed bv him.
*221 In People v. Croes (supra) the crime charged was rape in the second degree. The evidence consisted in the testimony of the complainant that she was raped by this defendant, the defendant’s denial of guilt when first accused and his admission that he had taken the complainant to a doctor for an examination. The Trial Judge charged the jury that, if they found that the defendant’s act of taking the complainant to a doctor to be as consistent with innocence as well as guilt, they must disregard the evidence as corroborative of the complainant’s testimony. The Trial Judge, however, refused to charge the jury that, if the jury found this act to be consistent with his innocence, they must acquit, inasmuch as the trial court stated that the jury may find other corroborative facts in the case.
In reversing the conviction and ordering a new trial, we stated:
“ In the Deitsch case, however, there was independent proof that a crime had been committed. * * * In the present case there is no evidence in the record as to complainant’s physical condition that would support her story that a rape had been committed. * * * As the evidence, aside from the conduct of defendant in taking the complainant to a physician to be examined, does not show that a crime was committed, the trial judge erred in refusing to charge that if the jury found defendant’s conduct in that respect to be consistent with innocence then defendant should be acquitted” (p. 283; emphasis added).
In People v. Deitsch (supra) this court, in finding that there was sufficient corroboration of the the complainant’s story that the defendant was the guilty party, relied on only two factors: (1) the testimony of a witness that she saw the defendant outside the complainant’s house at a time shortly before the rape occurred; and (2) the falsity of the defendant’s and two other witnesses’ testimony that the defendant was not there.
The decision in that case restated the rule laid down in People v. Terwilliger (74 Hun 310, affd. on opinion below, 142 N. Y. 629, supra) where we held that the evidence was sufficient both to justify sending the case to the jury and to support a conviction for rape where there was competent medical proof of *222 the commission of the rape, immediate disclosure, and testimony as to the opportunity of the defendant in that he was seen in the presence of the complainant near the scene of the rape.
It seems to us that the evidence of the broken screen and the retrieving of the jewelry box could be considered by the jury or the trier of the facts as corroboration of the identity of the defendant. It places the defendant in the room at the time of the commission of the crime and the inference is that he was sufficiently connected with the events as testified to by complainant. This is more than an “immaterial fact”; it is one of the ‘ ‘ surrounding circumstances ’ ’ of the case with sufficient corroborative value to meet the mandate of the statute.
Accordingly, the judgment of conviction should be affirmed.
Chief Judge Conway and Judges Dye and Froessel concur with Judge Burke; Judges Desmond, Fuld and Van Voorhis dissent and vote to reverse and to dismiss the indictment upon the ground that there is in this record no “other evidence” tending to establish that defendant was the one who committed the crime or one of those who committed it (Penal Law, § 2013; People v. Downs, 236 N. Y. 306; People v. Croes, 285 N. Y. 279).
Judgment affirmed.

. Section 2013 of the Penal Law provides that: “No conviction can be had for rape or defilement upon the testimony of the female defiled, unsupported by other evidence” (emphasis supplied).