**GOVERNMENT OF THE VIRGIN ISLANDS, Appellee**

v.

**WILBURN BROOKS, Appellant**

No. 16,314

United States Court of Appeals

Third Circuit

Argued February 2, 1967

Filed March 17, 1967

*See, also, 378 F.2d 338*

CROXTON WILLIAMS, ESQ., Charlotte Amalie, St. Thomas, Virgin Islands, *for appellant*

ALMERIC L. CHRISTIAN, ESQ., United States Attorney, Charlotte Amalie, St. Thomas, Virgin Islands, *for appellee*

Before STALEY, *Chief Judge,* MARIS, *Senior Circuit Judge,* and COFFIN,* *Circuit Judge*

### OPINION OF THE COURT

■ Appellant was convicted after jury trial on an information charging him with rape in the first degree.[1] He now argues that the evidence was insufficient to show the use of force that is an essential element of the crime. Although he moved in effect for a judgment of acquittal, Fed. R. Crim. P. 29, at the close of the government's evidence, he failed to renew the motion at the close of all the evidence. We have held that in such a case the defendant must be treated as having waived his challenge to the sufficiency of the evidence. United States v. Manos, 3 Cir. 1965, 340 F.2d 534. Nevertheless, whether we confine ourselves to a search for manifest injustice or broaden our scrutiny to weigh the evidence for sufficiency, the result is the same. The jury verdict must stand.

---

* By designation.

[1] V.I. Code, tit. 14, § 1701:
"Whoever perpetrates an act of sexual intercourse with a female not his wife— ...
(2) when her resistance is forcibly overcome;
(3) when her resistance is prevented by fear of immediate and great bodily harm which she has reasonable cause to believe will be inflicted upon her; ... is guilty of rape in the first degree ...."

■ ■ Viewing the evidence favorably to the government, as we must, the pertinent evidence on force (or fear of bodily harm) was this: A fifteen-year-old girl was induced after several refusals to take a ride with appellant, an older man. His response to her request to stop the automobile was to accelerate. He drove off the road to a more or less secluded spot. She refused his verbal advances and tried to leave the automobile, but was blocked by his presence. He held both her hands and forced her, or threw her, onto the seat. She made an effort to rise and cried out. From this testimony alone the jury was entitled to find appellant guilty, on either of the statutory grounds set forth above.

■ Appellant also argues that his conviction was based solely "upon the testimony of the female defiled, unsupported by other evidence", in contravention of V.I. Code, tit. 14, § 1706. But her testimony concerning the fact of intercourse was supported, not only by the testimony of a doctor who examined her shortly after the incident, but by appellant's admission. Her testimony as to lack of consent and use of force was supported, *inter alia*, by relatives' testimony that she was disheveled and distraught upon arriving home, and by testimony that she promptly reported the incident. To require more conclusive corroboration as to force would be merely to absolve the potential rapist clever enough to seek privacy and not to leave marks.

Upon examination of the record, we find no merit in the other arguments raised by appellant.