■ MAE I. ROBINSON et al., Respondents-Appellants, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 40495.) — Judgment unanimously modified on the law and facts in accordance with the Memorandum, and as modified affirmed, without costs. Certain findings of fact disapproved and reversed and new findings made. Memorandum: The court's adoption of claimants' appraisers' valuation of $50 a front foot for the undeveloped low lying lakefront property is not sustainable. The highest value on a comparable sale in the record is $28 a front foot paid in 1957 on filled lots served by private access roads constructed by the developer. None of the essential site preparation, development, and road construction has been undertaken here. There is nothing about the Bartell Road frontage which is unique so it must be valued by reference to comparable sales. Giving consideration to such sales a fair valuation of the property fronting on the road would not exceed $10 a front foot. The award should be computed as follows: Bartell Road frontage of 1,675 feet, 200 feet depth, at $10 foot — $16,750; Lake frontage of 346 feet, 250 feet depth, at $20 foot — $6,920; Interior land of 10.786 acres at $1,000 an acre — $10,786; Total Award for direct taking of 20.686 acres — $34,456.' (Appeal and cross appeal from judgment of the Court of Claims for claimants, in an action for permanent appropriation of realty and temporary easement.) Present — Bastow, J. P., Goldman, Henry, Del Vecchio and Marsh, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN THOMAS PHILLIPS, Appellant.— Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of robbery, first degree and grand larceny, first degree. Upon the trial a police officer was permitted over objection to state the description of the two assailants given him by complainant shortly after the alleged crime. The testimony should not have been received (People v. Deitsch, 237 N. Y. 300, 304; People v. Oliver, 4 A D 2d 28, 31, affd. 3 N Y 2d 684). Moreover, the trial court in its charge stated that one or more police officers had testified that complainant identified the two defendants when they were apprehended a short time after the alleged robbery. There was no such testimony and if there had been its receipt would have been error (People v. Trowbridge, 305 N. Y. 471; People v. Oliver, supra, p. 31). We conclude, however, that these errors do not mandate reversal (cf. Code Crim. Pro., § 542). (Appeal from judgment of Monroe County Court convicting defendant of robbery, first degree and grand larceny, first degree.) Present — Bastow, J. P., Goldman, Henry, Del Vecchio and Marsh, JJ.