■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICHARD LEE YOUNG, Appellant.— Judgment affirmed. Memorandum: At about 12:30 P.M. on January 27, 1966 the defendants approached a 15-year-old girl while she was on her way home from school. Each grabbed and held one of her arms, threatened to harm her if she did not go with them, took her through a field and led her to a vacant room in a building where they forcibly removed her underclothing, put her on the floor, and each raped her. She made an immediate disclosure to her sister; the police were notified; at 3:00 P.M. a doctor upon examination found spermatozoa in her vagina. The defendants were arrested, identified by the girl and thereafter indicted for three separate crimes: (1) rape first degree (2) assault second degree with intent to commit rape and (3) assault third degree in that each willfully and unlawfully assaulted her under circumstances not amounting to assault in the first or second degree. The trial was held in February, 1967. At the close of the People's case the court dismissed the rape and assault second degree counts for lack of corroboration and stated that the corroboration rule did not apply to assault third degree. There was no exception to this ruling. The defendants did not take the stand and offered no defense. The court in its charge made no reference to any requirement of corroboration. Absent any exceptions or requests the charge became the law of the case. (Cf. *People* v. *Cohen,* 5 N Y 2d 282, 290.) The jury returned a verdict of guilty on the assault third degree count. Upon this record the conviction should be affirmed. In our view under the circumstances in this case corroboration of the girl's testimony was unnecessary to support the verdict. Furthermore, in our opinion the recent cases cited in the dissenting Memorandum, which hold that corroboration is required when a count in an indictment alleges that an act of sexual intercourse was perpetrated or when there is testimony that the defendant did perpetrate such an act, are not applicable to a count charging a separate and distinct crime of assault third degree. This crime is not dependent upon such allegation or proof. There is nothing in section 2013

of the Penal Law which precludes prosecution for a simple assault occurring before a rape is committed. Proof of rape requiring corroboration for the felonious assault with intent to commit rape is not material or essential to constitute the crime of assault third degree. Likewise, no proof of specific intent is required to sustain such a charge. (*People* v. *Katz,* 290 N. Y. 361.) Each count of an indictment is separate, distinct and independent of each other. (Code Crim. Pro., §§ 279, 443-a.) In *People* v. *Mussenden* (308 N. Y. 558, 561) the court said: "It has been repeatedly written that if, upon any view of the facts, a defendant could properly be found guilty of a lesser degree or an included crime, the trial judge must submit such lesser offense." Upon the record before us there was sufficient basis in the evidence for finding defendants guilty of the lesser charge. In *People* v. *English* (16 N Y 2d 719), the defendant was charged with assault second degree with intent to commit rape, attempted rape, robbery and larceny, all arising out of the same transaction. He first robbed the girl and then raped her. Upon the trial the complainant's testimony regarding a completed rape was uncorroborated. The Court of Appeals dismissed the rape and assault counts for lack of corroboration but affirmed the conviction for the robbery and larceny counts. In *People* v. *Radunovic* (27 A D 2d 916) the defendant was indicted for assault second degree with intent to commit rape and for assault in the third degree. The First Department held that the court correctly charged the jury that corroboration was unnecessary to convict the defendant of the misdemeanor charge of simple assault. We conclude that corroboration .is not required to support the conviction for assault third degree. Finally, an indictment should not be dismissed for an alleged error of law when no exception was taken to the charge. (*People* v. *Cipolla,* 6 N Y 2d 922.) All concur, except Marsh, J., who dissents and votes to reverse the judgment and dismiss the indictment, in the following Memorandum: The sole witness for the People as to the essential elements of the crimes charged was the complaining witness herself, who testified to a consummated rape committed upon her by the defendants. The provisions of section 2013 of the Penal Law where applicable have uniformly been construed as requiring corroboration of the complainant extending to "every material fact essential to constitute the crime". (*People* v. *Page,* 162 N. Y. 272; *People* v. *Croes,* 285 N. Y. 279.) If we were to apply the provisions of the section to the assault third charges of which the defendants were convicted, the conviction must fall by reason of the lack of required corroboration of the complaining witness. In accordance with the decisions of the Court of Appeals in *People* v. *Lo Verde* (7 N Y 2d 114); *People* v. *English* (16 N Y 2d 719); and *People* v. *Colon* (16 N Y 2d 988) it would appear clear that the requirements of section 2013 of the Penal Law have application not only to criminal charges other than rape where the facts set forth in the indictment constitute rape, but also to those charges where the People rely on proof of a consummated rape to establish the crime charged, although such completed act is not essential to the crime as charged in the indictment. The language of the court in *People* v. *Lo Verde* (*supra,* p. 116) is particularly significant. "Were we to hold that no corroboration was necessary to support the conviction of the crime as charged in this indictment, then a prosecutor might easily circumvent the requirement of corroboration necessary for a conviction of misdemeanor rape simply by charging instead the impairment of the morals of a minor, as he did here. The law may not be so circumvented." The People's proof showed a consummated rape, and the absence of the necessary supporting evidence under section 2013 of the Penal Law requires a reversal of the conviction and dismissal of the indictment. (Appeal from judgment of Erie Supreme Court

convicting defendant of assault, third degree.) Present — Bastow, J. P., Goldman, Henry, Del Vecchio and Marsh, JJ.