**GOVERNMENT OF THE VIRGIN ISLANDS**

v.

**FRED FRANKLIN CARR, Appellant**

No. 18,460

United States Court of Appeals

Third Circuit

Argued January 29, 1971

Resubmitted August 9, 1971

Decided October 19, 1971

Frank Padilla, Esq., Frederiksted, St. Croix, V.I., *for appellant*

Robert M. Carney, Esq., United States Attorney, St. Thomas, V.I., *for appellee*

Argued before KALODNER, FREEDMAN* and ADAMS, *Circuit Judges*

Resubmitted before MARIS, KALODNER and ADAMS, *Circuit Judges*

OPINION OF THE COURT

KALODNER, *Chief Judge*

This is an appeal from a judgment of conviction of the District Court of the Virgin Islands, Division of St. Croix, pursuant to a jury verdict finding the defendant appellant, Fred Franklin Carr, guilty of first degree rape in violation of 14 V.I.C. §§ 1701(3), (5).[1]

On this appeal Carr contends that the evidence was insufficient to sustain the jury's guilty verdict and further challenges prejudicial errors in the trial court's instructions to the jury.

The evidence adduced by the Government at Carr's trial may be summarized as follows:

The thirteen year old victim testified: a year earlier, about noon October 27, 1968, while she was walking home from church, she was accosted by Carr, whom she had known for several years as a frequent visitor to her home; Carr tried to give her $5.00 which she refused; he then took her behind some bushes; she struggled in resistance; he threatened to kill her and then raped her; he then again offered her $5.00 which she refused; she then walked home;

---

* Judge Freedman heard argument and participated in the consideration of this appeal but died before decision.

[1] 14 V.I.C. §§ 1701(3), (5):
    "Whoever perpetrates an act of sexual intercourse with a female not his wife—
    (3) when her resistance is prevented by fear of immediate and great bodily harm which she has reasonable cause to believe will be inflicted upon her;
    (5) when she is, at the time, unconscious of the nature of the act and this is known to the defendant—
    is guilty of rape in the first degree and shall be imprisoned not more than 20 years."

on her arrival there her mother, observing her disheveled appearance, asked her if anything had happened, and she then related what had occurred, naming Carr as the man who had raped her.

The mother of the victim testified: the victim arrived home about 1:15 P.M.; she noticed the victim's "hair and her shoes and everything, she was all ruffled" and asked her what had happened; the victim then told her what Carr had done to her; she then took her to the police station where she repeated the details of her rape and she was then taken to the Fredericksted Medical Clinic, arriving there about 2:05 P.M.

Dr. Emma Cordonel testified: she examined the victim on her arrival at the Clinic; pelvic examination disclosed two tears of the hymen "with fresh blood oozing;" a vaginal smear specimen which was taken, upon laboratory testing, revealed the presence of sperm cells, some alive and some dead; and these findings led her to conclude that the victim had had sexual intercourse within an hour or so before her examination.

Emmith Richards, a detective testified: he was in the police station when the victim and her mother "related that this incident had occurred with the victim. Carr shortly afterwards came to the police station "and stated that he heard the police had been looking for him" and Carr was then taken into custody.

When the Government concluded presentation of the foregoing testimony, Carr's counsel moved for a judgment of acquittal on the assigned grounds (1) "There was no corroboration as to the acts by the defendant;" and (2) "There is no corroboration of identity of the defendant other than the statement of the victim."

The trial court denied this motion. The defense then offered the testimony of one Lemuel Isaac, presumably to

attack the victim's credibility. It was confined exclusively to a description of the immediate neighborhood of the assault scene and the mooted existence of a nearby "water trough or stand pipe." Isaac testified there was such a trough or stand pipe; the victim on cross-examination had testified to the contrary.

The defense rested upon the conclusion of Isaac's testimony. It did not then move for a judgment of acquittal, as it could have done pursuant to the provisions of Rule 29 (b), Fed. R. Crim. P.

After closing arguments, the trial court charged the jury. Following conclusion of the charge, defense counsel, at sidebar, objected to the court's instructions on the requirement of corroboration, urging (1) "that the Court has almost directed the jury to find that there was corroboration;" and (2) that it was the Court's "function" to decide whether there was corroboration, and it "should not be left to the jury."

The Court, in answer, said:

"Well, if it is the function of the Court, then there is corroboration. I will say that on the record. But I left it to the jury."

The jury was then taken to lunch. Shortly after it began its deliberations it asked for further instruction "as to the difference between first and second degree rape." The Court then read to the jury the provisions of the Virgin Islands Code dealing with first and second degree rape. The jury then retired and following a brief interval returned a verdict of guilty on the two counts charging first degree rape.

Defense counsel, *two days later*, filed a motion for judgment of acquittal, or, in the alternative, for a new trial.

The trial court, thereafter, entered an Order denying the defendant's motion in both respects.

Carr here contends he is entitled to a judgment of acquittal since, in his view, there was a lack of corroboration of the victim's identification of him as the perpretator of the rape, and accordingly the evidence did not sustain the jury's guilty verdict. He alternatively contends he is entitled to a new trial because, he says, the trial court erred in its instructions to the jury on the issue of corroboration, and in stating to the jury, in the course of the charge, that it had denied the defendant's motion for a directed verdict at the close of the Government's evidence, "because there is in this case enough supporting evidence if you credit it, to warrant a conviction."

The Government, in reply contends (1) defendant's failure to move for a judgment of acquittal at the conclusion of defense testimony waived the question of the sufficiency of the evidence; (2) in any event, the evidence sufficiently established commission of the rape and the identity of the defendant as its perpetrator; and (3) the trial court did not err in its comments or instructions to the jury.

As to the first of the Government's contentions with respect to the failure of the defendant to move for a judgment of acquittal at the close of all the testimony, it disregards the fact that the defendant filed a motion for judgment of acquittal two days after the jury's verdict, and that Rule 29(c) Fed. R. Crim. P.[2] effective July 1, 1966, provides for the filing of such a motion "within 7 days

---

[2] Rule 29(c) provides:
"(c) Motion After Discharge of Jury: If the jury returns a verdict of guilty or is discharged without having returned a verdict, a motion for judgment of acquittal may be made or renewed within 7 days after the jury is discharged or within such further time as the court may fix during the 7-day period. If a verdict of guilty is returned the court may on such motion set aside the verdict and enter judgment of acquittal. If no verdict is returned the court may enter judgment of acquittal. It shall not be necessary to the making of such a motion that a similar motion has been made prior to the submission of the case to the jury.
As amended Feb. 28, 1966, eff. July 1, 1966."

after the jury is discharged or within such further time as the court may fix during the 7-day period."[3]

■ What has been said brings us to disposition of Carr's contention that there was here a lack of corroborating evidence as to identification. It is pertinent to note at this point that Carr concedes in his brief that there was corroborating evidence of the commission of the rape.[4] It would have been an exercise in futility for Carr to have done otherwise in light of the corroborating medical testimony that the victim had been violated within an hour or so before her pelvic examination, and the corroborating testimony of her mother that when the victim returned home she was disheveled and that she then recited the details of her assault. We have held that testimony of this kind corroborates the victim's testimony as to the commission of rape. Government of the Virgin Islands v. Brooks, 378 F.2d 338 (1967).

As to the issue of corroboration of the victim's identification of Carr as her assailant:

The issue presents the threshold question as to whether, under Virgin Islands law, there must be corroborating evidence as to a rape victim's identification of her assailant. That question has not heretofore been presented in this Court. In Brooks, the defendant contended only that the evidence was insufficient to establish commission of the crime of rape because of alleged absence of corroborating testimony as to use of force.

---

[3] The Court of Appeals for the Fifth Circuit applied the provisions of Rule 29(c) in Kemp v. United States, 419 F.2d 383, cert. den. 397 U.S. 969 (1970). There, the defendant did not move for a judgment of acquittal at the close of all the testimony but filed such a motion several days after the verdict was returned, as detailed in 415 F.2d 1185, 1187 (5th Cir. 1969).

[4] At page 4 of his brief, Carr said: "The fact that her vagina was lacerated is not corroboration of her (Marjorie) testimony that she was assaulted by the defendant *but merely of the fact that she was assaulted. Evidence of the complaining witness's condition is corroboration that she was assaulted and would corroborate her testimony that she was raped.*" (emphasis supplied)

■ Sections 1701(3) and (5) set forth in Note 1, only define the crime of rape. They are supplemented by Section 1706 of the Virgin Islands Code which provides:

"No conviction can be had for rape upon the testimony of the female defiled, unsupported by other evidence."

While this section does not in specific terms spell out a requirement for evidence corroborating the defiled female's identification of her assailant we construe it to impose such a requirement for these reasons:

Section 1706 was enacted as part of the Virgin Islands Code on May 16, 1957 and became effective September 1, 1957.

The "History" of Section 1706 notes that the "Wording of this section is patterned upon New York Penal Law § 2013." Section 2013 of the New York Penal Law (now modified in respects not here material) provided:

"No conviction can be had for rape or defilement upon the testimony of the female defiled, unsupported by other evidence."

■ Since Section 1706 was patterned upon New York Penal Law § 2013, we are required, under the settled rule of statutory construction, to construe Section 1706 to mean what the Courts of New York, prior to its enactment, had construed New York Penal Law § 2013 to mean. Williams v. Dowling, 318 F.2d 642, 643–644 (3 Cir. 1963).

We have accordingly reviewed the pre-Section 1706 New York cases construing § 2013. On that review, we find that New York courts, prior to enactment of Section 1706, construed § 2013 to require evidence corroborating a rape victim's identification of her alleged ravager.

In 1941, the Court of Appeals of New York, in construing § 2013, in People v. Croes, 285 N.Y. 279, 34 N.E.2d 320, said:

"The 'other evidence' required by the statute must be of such character as tends to establish, *first, that the crime of rape was*

*committed by somebody, and, second, that the defendant was the one who committed the crime. . . ."* 34 N.E.2d 321.[5]

It may be noted, parenthetically, that subsequent to the enactment of Section 1706, the Court of Appeals of New York, in People v. Masse, 5 N.Y.2d 217, 182 N.Y.S.2d 821 (1959), in identical terms, adhered to its above-cited pre-Section 1706 construction of § 2013.

In the light of the foregoing, we are of the opinion that Section 1706 requires corroboration of a rape victim's identification of her alleged ravisher.

▪ ■ That being so, we must address ourselves to the question as to whether there was corroborating evidence of the victim's identification of the defendant in the instant case, and that involves the standard of proof by which such evidence must be measured. To answer this latter question we must look to what the New York courts have regarded as sufficient to meet the requirements for corroboration laid down by the statute of that state.

While the New York courts have stated, as we have seen, that the corroboration required by the statute must be of the identity of the assailant as well as of the commission of the rape, there are New York cases, decided both before and after 1957, which state that testimony by a mother or other third party that the victim shortly after the occurrence reported the rape and named the assailant is "other evidence" in corroboration of the victim's testimony in court which satisfies the statute.

Thus, in Baccio v. The People, 1869, 41 N.Y. 265, 268, it was said:

"... it is well settled, that where, on the trial of an indictment for a rape, the injured female is examined as a witness, the fact that she presently made complaint of the injury, is competent evidence.

---

[5] In accord, see People v. Deitsch, 237 N.Y. 300, 142 N.E. 670, 671 (1923), and the cases therein cited.

444

"It is an apparent exception to the general rule, excluding declarations made out of court, by a person who has been, or might be examined as a witness, and is properly confined within narrow limits.

"Nor is the ground of the exception very distinctly stated; it may be suggested, perhaps, that it is so natural as to be almost inevitable, that a female, upon whom the crime has been committed, will make immediate complaint thereof to her mother or other confidential friend; and, inasmuch as her failure to do so, would be strong evidence that her affirmation on the subject, when examined as a witness, was false; that the prosecution may anticipate such a claim by affirmative proof that complaint was made.

"But whatever be the ground, its admissibility is well settled. The rule, however, is carefully guarded. Such declarations are not evidence per se of the facts in issue; they cannot be relied upon for any purpose, except to confirm the testimony of the injured female; and this, I think, indicates that the ground of admissibility is what I have suggested, viz., that like outcries made at the time of the act charged, the appearance and manner of the female immediately after, her instant complaints of the fact are all such as are natural and according to the ordinary course of events; and therefore are corroborative of her statements on the witness stand."

And in People v. Terwilliger, 1893, 74 Hun. 310, 26 N.Y.S. 674, 675, affirmed on opinion below, 142 N.Y. 629, 37 N.E. 565, the court stated:

". . . The case of rape is an exception to the rule that the evidence of a witness cannot be corroborated or confirmed by proof that such witness stated the facts testified to on the trial, on some previous occasion, when not under oath. People v. O'Sullivan, 104 N.Y. 481, 10 N.E. 880. . . ."

Likewise in People v. Deitsch, 1923, 237 N.Y. 300, 142 N.E. 670, 671, the rule was stated thus:

"The general rule is that the corroborating testimony should tend to show the material facts necessary to establish the commission of the crime and the identity of the person committing it. People v. Plath, 100 N.Y. 590, 3 N.E. 790, 53 Am.Rep. 236. Here the complainant was a child eight years of age. Her physical condition immediately after the alleged assault and the result of a medical

examination was sufficient to support her story that a rape had been committed. In addition there was needed corroboration of her statement that the defendant was the guilty party....

\*     \*     \*

"We think, however, incompetent testimony damaging to the defendant was admitted over his objection and exception. Immediately after the assault it was shown that the child made complaint to a neighbor. Such testimony was competent. People v. O'Sullivan, 104 N.Y. 480, 10 N.E. 880, 58 Am.Rep. 530. Half an hour later, not as the natural result of reaction to the crime, but in reply to questions, she gave the details concerning it to a policeman. Those details given by him were inadmissible. Baccio v. People, 41 N.Y. 265. ..."

And see also People v. O'Sullivan, 1887, 104 N.Y. 481, 10 N.E. 880, 882–883, and People v. Green, 1905, 103 App. Div. 79, 92 N.Y.S. 508, 511.

■ It is true that most of these statements of the rule were by way of dictum, the alleged corroborative evidence being held not to measure up to the standard stated. But the rule thus stated has been applied in at least one subsequent case to sustain the corroborative evidence offered. People v. Dow, 1970, 34 A.D.2d 224, 310 N.Y.S.2d 558. We think, therefore, that it may fairly be taken as the view of the New York courts that the corroborative evidence which the statute requires may consist of testimony of a third party as to statements made by the victim shortly after the occurrence as to the identity of her assailant if they are admissible as an exception to the hearsay rule. We therefore hold that the provision of 14 V.I.C. § 1706 requiring other evidence than the testimony of the victim as to the identity of her assailant to support a conviction in a rape case is satisfied by the introduction of testimony of a third party that the victim made statements identifying her assailant shortly after the rape and while she was under the emotional stress occasioned by that occurrence.

446

Testimony as to such a spontaneous statement is clearly admissible as an exception to the hearsay rule. 5 V.I.C. § 932(4). See 6 Wigmore on Evidence § 1750 and Rule 803(2) of proposed Rules of Evidence for the United States Courts and Magistrates, 51 F.R.D. 419.

It is obvious that the application of the rule in each case must turn on the particular facts of the case. We are clear, however, that the statutory requirement of corroboration is satisfied where the testimony of a third person indicates that the victim had adequate opportunity to observe her assailant and reported the occurrence and the identity of her assailant promptly upon reaching home and while still under emotional stress.

Here, the assault occurred during daylight; the victim had abundant and unfettered opportunity to observe the accused prior to the crime and during and following its commission; she had known Carr for several years and seen him often; she identified him to her mother an hour or so after the assault occurred, and to the police shortly thereafter. She further identified Carr two hours later when he appeared at the police station; some three weeks later at his preliminary hearing in the Municipal Court; and at the trial.

There was no evidence that the victim had any incentive to implicate Carr falsely, or that she had been pressured in any way to make the identification.

█ In light of the foregoing, we are of the opinion that the totality of the evidence in the instant case satisfied the requirement of corroboration of identification.

There remains for disposition Carr's contentions that the trial court erred in its instructions to the jury on the issue of corroboration, and in stating to the jury therein that it had denied Carr's motion for a directed verdict, at the close of the Government's evidence, "because there is

in this case enough supporting evidence, if you credit it, to warrant a conviction."

██ We find no prejudicial error in the trial court's instructions to the jury. These instructions informed the jury "that no conviction can be had for rape upon the testimony of the female defiled, unsupported by other evidence," and that it was the jury's function to determine the credibility of the corroborating evidence as to the commission of the rape and identification of the defendant as its perpetrator.

██ In stating to the jury that "I have overruled the motion of defense counsel for judgment of acquittal because there is in this case enough supporting evidence, if you credit it, to warrant a conviction," the trial judge while expressing his opinion that corroborative evidence had been presented, nevertheless made it clear to the jury it must "credit" such evidence "to warrant a conviction."

While the trial judge may well have refrained from adverting to his denial of defendant's motion for judgment of acquittal, his statement that he had done so "because there is in this case enough supporting evidence, if you credit it, to support a conviction" is at most an expression of his own opinion, and it is settled that a trial judge may express such opinion, provided he makes it clear to the jury, as was done here, that all factual determinations are for the jury. Quercia v. United States, 289 U.S. 466, 469 (1933).

For the reasons stated the judgment of conviction, pursuant to the jury's verdict, will be affirmed.