■ The People of the State of New York, Respondent, v. Wayne Evans, Appellant.— Judgment, Supreme Court, New York County rendered on May 14, 1970, affirmed. Concur — McGivern, J. P., Markewich and Tilzer, JJ.; Kupferman, J., concurs in a memorandum, and Murphy, J., dissents in part in a memorandum, as follows:

Kupferman, J. (concurring): Much has been written about the unfairness of the legal requirements with respect to obtaining a conviction in a case

involving sexual abuse. See, for example, " Q. If you rape a woman and steal her TV, What can they get you for in New York? A. Stealing her TV." by Martha Weinman Lear (*New York Times Magazine*, Jan. 30, 1972, § 6, p. 11.) (This article is corroborated by *People* v. *Moore*, 23 N Y 2d 565; *New York Times Editorial*, "Raped by the Law", Monday, Feb. 14, 1972, p. 28, col. 2.) Suggestions have been made for legislation changing the requirement of corroboration, at least in those situations where the prosecutrix had not prior thereto known the defendant. (*Matter of Sam* "F.", 68 Misc 2d 244, in which then Family Court Judge, now Surrogate, Millard L. Midonick advocated a change, see N. Y. L. J., Jan. 3, 1972, p. 1, col. 6.) Indeed, our colleague, Judge James B. M. McNally in a letter to the editor of the *New York Law Journal* (Jan. 21, 1972, p. 4, col. 7) advocated such legislation. (See, also, The Case for Repeal of the Sex Corroboration Requirement in New York, Frederick J. Ludwig, 36 Brooklyn L. Rev. 378.) However, the fact that corroboration is required, both as to the sexual intercourse by force and compulsion, and as to the identity of the culprit, does not mean that it cannot be obtained. (Note, Corroborating Charges of Rape, 67 Columbia L. Rev. 1137, 1139.) In the leading case of *People* v. *Radunovic* (21 N Y 2d 186), where in a four to three decision, a conviction was reversed, it was stated at page 190: "The bruise on the thigh of the complainant in the *Raduvonic* case, and the fact that the woman had consulted her obstetrician, soon before the alleged assault, who had found her hymen intact and then consulted him afterward only to discover that it had been broken, do not constitute sufficient corroboration of her testimony that she was raped by *that defendant*." (Italics added.) The question raised by the dissent in our case, where the complainant was clearly and undoubtedly abused sexually, is the nature of the corroboration with respect to the guilt of the defendant, for there can be no reasonable doubt of his guilt. We find, as the court did in *People* v. *Masse* (5 N Y 2d 217) that the evidence connecting the defendant with the events as testified to by the complainant, is more than " an 'immaterial fact'" and " it is one of the 'surrounding circumstances' of the case with sufficient corroborative value to meet the mandate of the statute" (p. 222). The complainant described the most outstanding feature on the defendant, namely a perpendicular scar which ran from the center of his chest down to the abdomen. Never having seen the defendant before, the location of the scar and its description would not become known to the complainant in any casual way. Further, a large blue comb which the intruder had protruding from his trousers when he disrobed at the scene, and several days later when he was apprehended, was also something of a personal nature which confirmed his identity. Only recently, in *People* v. *Dupre* (36 A D 2d 794, mot. for lv. to app. den. by Fuld, Ch. J.) we affirmed a conviction basing corroboration on the fact that the defendant was revealed to have the nickname " Frenchie", both at the time of the rape and at his later apprehension. (See, also, *People* v. *Linzy*, 38 A D 2d 648.) Here the conviction is amply sustained by the evidence, and the only question is the section of the Penal Law of the State of New York, which provides: " § 130.15 Sex offenses; corroboration. A person shall not be convicted of any offense defined in this article, or of an attempt to commit the same, solely on the uncorroborated testimony of the alleged victim." The objective independent facts with regard to the scar and the comb provide the necessary corroboration, and we would affirm the conviction. This interpretation goes " far toward rationalizing a rule which, however salutary its original intention, has thus far in its existence been troublesome in application and at times absurd in result." (The Requirement of Corroboration in Prosecutions for Sex Offenses in New York, by Judge Irving Younger, 40 Fordham L. Rev. 263, 278.)

Murphy, J. (dissenting in part): The 58-year-old complainant herein was viciously abused sexually; and on the record here presented it cannot be gainsaid that the temptation to affirm is great. However, until the Legislature mandates otherwise, it is not for us to question the rationale for continuing to require corroboration in prosecutions for sex offenses. In the instant case there is sufficient independent evidence to corroborate the sexual intercourse by forcible compulsion. However, I find no independent evidence tending to establish that defendant was the one who committed the crime; and, therefore, defendant's conviction of the sex offenses cannot be sustained (Penal Law, § 130.15; *People* v. *Downs*, 236 N. Y. 306; *People* v. *Croes*, 285 N. Y. 279; *People* v. *Masse*, 5 N Y 2d 217). The complainant's depiction of defendant's distinctive scar and his possession of a long blue comb are but particulars in her detailed over-all description of her assailant; and can have no greater consequence. While it undoubtedly affected the weight of the prosecutrix' testimony, established her credibility and convinced the fact-finder that there was little chance of a mistaken identity in the case before them, such evidence does not provide the corroboration required by the statute. In short, there is nothing in the record before us to connect the defendant with the crime except the testimony of the alleged victim. Accordingly, defendant's conviction of rape in the first degree and sexual abuse in the first degree should be reversed; and the judgment appealed from otherwise affirmed. (*People* v. *Moore*, 23 N Y 2d 565.)