■ POTENZA CONTRACTING CORP., Respondent, v. PETER PIZZOND, True Name PETER PIZZANI, Doing Business as GRAND PRIX AUTO BODY, Appellant.— Appeal from an order of the Supreme Court, Westchester County, entered November 2, 1971, which denied defendant's motion pursuant to CPLR 5015 to set aside a default judgment for lack of jurisdiction. Order reversed, with $10 costs and disbursements, and matter is remanded to Special Term for a hearing on the issues raised by the motion papers. If on such hearing, it be found that service was proper, the court should then consider whether defendant's default was deliberate, and whether his application to open his default showed a meritorious defense. In our opinion, the Special Term was in error when it stated in its memorandum that defendant did not deny receiving the process in the mail. Under the circumstances, determination of the conflicting allegations contained in the respective affidavits of the parties must be determined at a hearing (cf. *Kirkeby-Natus Corp.* v. *Gevinson*, 33 A D 2d 883; *Levine* v. *Levy*, 29 A D 2d 827, CPLR 2218). Latham, Acting P. J., Shapiro, Gulotta, Brennan and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. BRUNO CAPIO, Respondent.— Appeal by the People from an order of the Supreme Court, Kings County, entered November 15, 1971, which granted defendant's oral motion to dismiss the indictment. Order reversed, on the law and the facts, motion denied and indictment reinstated. In our opinion, the immunity granted was as broad as the constitutional privilege against self-incrimination and defendant was given proper and adequate notice as to the scope of the immunity granted (*People* v. *Mulligan*, 29 N Y 2d 20; *People* v. *Dellacroce*, 38 A D 2d 210). Munder, Acting P. J., Latham, Shapiro, Gulotta and Brennan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES COLLINS, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered July 21, 1970, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence. Judgment affirmed. No opinion. Munder, Acting P. J., Latham and Gulotta, JJ., concur; Shapiro and Brennan, JJ., dissent and vote to reverse the judgment and order a new trial, with the following memorandum: In our opinion the receipt of testimony from a police officer upon his direct examination as to a description given to him of the assailant shortly after the commission of the crime was prejudicial error necessitating a new trial. In view of all the circumstances, the identification of defendant was not so "altogether satisfactory" as to permit us to view the error as harmless (cf. *People* v. *Deitsch*, 237 N. Y. 300, 304).