■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE BATINO, Appellant.—Judgment, Supreme Court, New York County, rendered December 21, 1973, convicting defendant upon his plea of guilty, of attempted possession of a dangerous drug in the fourth degree, reversed on the law; the order of the Supreme Court entered September 25, 1973, denying defendant's motion to suppress certain physical evidence, unanimously reversed, on the law, the motion granted and the indictment dismissed. At the suppression hearing Patrolman Holmes testified that while he was in a patrol car with several other officers, he saw the defendant walking on Park Avenue in the vicinity of 120th Street. As the officer passed the defendant, he (the officer) observed from a distance of approximately six feet, a bulge in defendant's right rear pocket. The bulge had the appearance of "a cylinder type shape" and the officer believed that it resembled a .25 calibre pistol. Accordingly, Patrolman Holmes left the vehicle and followed the defendant. In the meantime, the patrol car circled around in front of the defendant, and as one of the other patrolmen started to get out of the car, Patrolman Holmes saw the defendant reach for his rear pocket. The officer thereupon grabbed the pocket, and immediately realized that the object, in fact, was not a gun. Nevertheless, since the officer felt paper bags inside the pocket, and also felt tinfoil therein which he believed to contain cocaine, he reached into the defendant's pocket and withdrew the objects. We find that the frisk was unlawful, there being no reasonable basis to suspect that defendant was committing, had committed or was about to commit a crime. (CPL 140.50; *Sibron v New York*, 392 US 40; *Terry v Ohio*, 392 US 1.) When defendant was first observed, he was

merely walking along the street and there is nothing to indicate that he was acting in a suspicious manner or that he had engaged in any activity which could provide even a hint of criminal behavior. Even giving credence to the officer's training and experience, the mere observance of a bulge in a person's pocket cannot provide the basis for a frisk. There was no testimony that the bulge formed the outline of a gun and the description given by the officer as to the appearance of the bulge was consistent with the possession of numerous objects, not contraband in nature. And, although there was testimony that as another officer left the patrol car defendant reached for his rear pocket, such behavior is equivocal in nature, since as already noted, the bulge was certainly not necessarily indicative of contraband. In short, the officer herein acted solely upon what amounted to no more than a "hunch" and such may not form the basis for "entrenchment upon individual liberty". *(People v Johnson,* 30 NY2d 929, 930.) Concur—Stevens, P. J., Markewich, Lupiano, Tilzer and Capozzoli, JJ.