■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD DERRICK, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES HUNTER, Appellant.—Judgments, Supreme Court, New York County, rendered on September 10, 1974, convicting defendants, upon their pleas of guilty, of possession of a weapon as a misdemeanor, and sentencing each to pay a fine of $100, unanimously reversed, on the law, and indictments dismissed. Officer Shaw testified that he and his partners, both dressed in civilian clothes, were riding in an unmarked car, on patrol duty. He saw the two appellants walking together. He noticed the defendant, Hunter, hitching up his trousers, adjusting an object on his hip, but could not see what it was that Hunter allegedly adjusted. The officers stopped the automobile, got out, and, according to Officer Brodigan, the police commanded "hold it right there, police" and, in accordance with the command, the defendants stopped. Officer Shaw reached for the appellant, Hunter, went to the waist-band of the appellant, and took a hand-gun from a holster. This officer testified that he had observed Hunter placing his shirt over the object on his hip when his attention was first attracted to him. Therefore, obviously, it was necessary to go under the shirt to seize the gun. As to the search of appellant, Derrick, which also produced a gun on his person, it must be recalled that the command of the police to stop, without any justification whatever, was illegal and an interference with his constitutional rights as a citizen. Even though there was police testimony that Derrick was frisked before he was searched, that still did not eliminate the original illegality of an unauthorized stop and frisk. As was said in *People v Johnson* (30 NY2d 929, 930): "On the record before us, neither the stop nor the frisk of appellant was justified by reasonable suspicions on the part of the police. [Citing authorities.] Absent an articuable foundation for the entrenchment upon individual liberty and privacy which a stop and frisk entails, police suspicions remain merely 'hunches' and are not reasonable within section 180-a of the Code of Criminal Procedure." Clearly, this was an unauthorized stop and search. Even though Shaw's hunch was proven correct by the discovery of the gun, the entire procedure, under present law, was illegal. There was no prior information, no furtive movement by either appellant, nor a pattern of suspicious behavior. It was an illegal search, pure and simple. Since the guns constituted the sole basis for the indictments and the pleas of guilty, the convictions must be reversed and the indictments dismissed. It should be noted that both of these defendants were hospital workers with clean records who had been assaulted and robbed on

previous occasions and both stated that they were carrying the weapons for self-defense. Concur—Murphy, J. P., Tilzer, Capozzoli, Lane and Nunez, JJ.