■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY PAYNE and ANDREW JIMMY MACK, Appellants.—Appeal by defendants from two judgments (one as to each of them) of the Supreme Court, Queens County, rendered December 21, 1973, convicting them of robbery in the third degree, upon their pleas of guilty under Indictment No. 2873-73, the pleas to also cover Indictment Nos. 2872-73 and 186-73, and imposing sentence. The appeal also brings up for review an order of the same court, dated November 8, 1973, which, after a hearing, denied their motion to suppress certain physical evidence, viz., a loaded revolver. Judgments and order reversed, on the law and the facts, and motion granted; pleas of guilty vacated; Indictment No. 2872-73 dismissed and indictment Nos. 2873-73 and 186-73 reinstated. The testimony at the suppression hearing showed that on July 31, 1973 two detectives were assigned to investigate an armed robbery of an Avis rent-a-truck business which had been committed at about 4:00 P.M. that afternoon by four black males. Information furnished to police by an unknown informant was that a red Cadillac, bearing a certain license plate, had been involved in the robbery. After tracing the ownership of the Cadillac to a house in Queens, the detectives "staked out" the house. At about 11:00 P.M. the Cadillac was driven to and parked in front of the house. It was followed by a black Pontiac, occupied by defendants, which parked directly behind the Cadillac. The driver of the Cadillac got out and walked to the Pontiac, where he had a conversation with defendants outside the hearing of the detectives. The detectives then approached the Pontiac and, at gunpoint, told the three men to "freeze", and ordered defendants out of the car. One of the detectives testified that as he approached he saw defendant Payne, who was seated next to the driver, defendant Mack, "make a motion between his legs", from the waist down, with his hand going between his legs. Upon searching the car, the detective found a revolver, which was loaded with five rounds, under the bucket seat in which Payne had been seated. That revolver was the subject of the suppression motion. There was testimony by the second detective that when he stopped the defendants he "felt they fit the description" he had been given of the perpetrators of the robbery. He also said that when he saw the two men in the Pontiac he only "knew that black men were involved in this robbery." He could *not* identify defendants as the perpetrators when he and his partner had identified themselves as police officers and, with guns drawn, ordered defendants to "freeze". This second detective further stated that he had not, at any time, had information from any source that a black Pontiac had been involved in the crime. It is clear that, at the time the arresting officers drew their guns and ordered defendants to freeze, they had no probable cause to arrest them, or even to believe that they were armed. Under the authority of *People v Cantor* (36 NY2d 106), the defendants were seized, i.e., arrested, when the arresting officers pointed their guns at them, ordered them to freeze, identified themselves as police officers, ordered them out of the car and held them at gunpoint while they searched their car. Without sufficient probable cause to arrest defendants, the accompanying search was unreasonable and the gun seized as a result of that search must be suppressed (see *People v Trapier,* 47 AD2d 481, 483–484). The indictment for possession of a weapon as a felony (Indictment No. 2872-73), having been based upon the evidence which we find must be suppressed, should be

dismissed. As the pleas of guilty to the robbery indictment were, in part, in satisfaction of the indictment now dismissed, we are unable to assume that such plea would have been offered or accepted had the suppression motion been granted. Consequently, we now vacate the pleas, reverse the judgments and reinstate Indictments Nos. 2873-73 (charging both defendants with robbery in the first degree) and 186-73 (charging defendant Mack with forgery in the second degree [eight counts], grand larceny in the third degree, criminal impersonation and conspiracy in the third degree). Latham, Acting P. J., Margett, Christ, Brennan and Munder, JJ., concur.