■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY STEWART, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered November 30, 1973, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence. Judgment affirmed. No opinion. Martuscello, Acting P. J., Cohalan, Brennan and Munder, JJ., concur; Shapiro, J., dissents and votes to reverse the judgment, grant defendant's motion to suppress physical evidence, reinstate his plea of not guilty, dismiss the eighteenth count of the indictment and remand the case to Criminal Term for a further hearing as to defendant's motion to suppress a certain statement, with the following memorandum: I vote to reverse the judgment of conviction entered upon defendant's plea of guilty and to grant his motion to the extent of suppressing the revolver and bullets taken from him. I do so for the reasons set forth in my dissenting opinion in *People v La Pene* (49 AD2d 604, 605–609) and the cases there cited (see, also, *People v Batino,* 48 AD2d 619; *People v Lewis,* 49 AD2d 558; *People v Trapier,* 47 AD2d 481). I would not, however, dismiss the entire indictment, which, *inter alia,* charges defendant with several robberies, because it is possible that the People have independent proof of the commission of those crimes, uncontaminated by the improper frisk and arrest of defendant. However, the eighteenth count, which charges possession of a loaded revolver, should be dismissed (see *People v Payne,* 50 AD2d 840). I would also remand to Criminal Term for a new hearing as to defendant's motion to suppress the inculpatory statement taken from him by the police after he received the requisite *Miranda* warnings. The sole basis upon which I would do so is the reasoning in *People v Martinez* (37 NY2d 662, 671), in which, in a somewhat similar situation, the court held that "the good faith basis for the arrest attenuated any taint which may have colored the stop." In light of the *Martinez* decision, Trial Term should pass anew on the admissibility of defendant's statement.

■ PETER J. SCHLACHET, Appellant, v BARBARA SCHLACHET, Respondent.—The respective attorneys for the parties on this appeal from an order of the Supreme Court, Kings County, entered September 11, 1975, have agreed, after a conference in this court before Mr. Justice Gittleson held on November 21, 1975, that the appeal be withdrawn, without costs, and that the issue of counsel fees be referred to said court for determination, and they thereupon signed a stipulation to such effect. In accordance with the foregoing, the appeal is deemed withdrawn, without costs, and the issue of counsel fees is referred to the Supreme Court, Kings County, for determination. Gulotta, P. J., Rabin, Hopkins, Martuscello and Latham, JJ., concur.