■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE GOINGS, Appellant.—Judgment, Supreme Court, New York County, rendered November 26, 1974, convicting defendant, upon his plea of guilty, of possession of a weapon as a felony, reversed, on the law, and vacated, the order of said court, denying defendant's motion to suppress physical evidence, reversed, on the law, and said motion granted, and the indictment dismissed. Near midnight on the evening in question four police officers were patroling the Times Square area in an unmarked yellow cab when one of them saw what he "believed to be the outline of a gun" in the right hand pocket of defendant's jacket. Defendant, at the time, was walking easterly along 42nd Street in the company of a female. Another officer claims he then also saw a bulge "that appeared to be in the shape of a gun in [defendant's] right coat pocket." Two of the officers then exited the taxicab and approached defendant. One of them displayed his shield, said "I would like to have a word with you", placed his hand on defendant's right front pocket, squeezed it and felt a gun inside. Defendant was then escorted into the doorway of an adjacent building and a loaded gun and holster were removed from his pocket. Defendant and his fiancée testified at the suppression hearing and averred that an officer merely stated, "Don't move," and removed a gun and holster from his pocket. The defense also called the other two officers in the car. One never observed defendant's coat pocket or the gun. The other said he saw a bulge with "curved lines which are similar to a butt of a revolver type gun." Even if the police testimony is fully credited (despite the fact that the gun was holstered), the only thing the officers saw was a bulge, part of which was "similar to", or "appeared to be" or had "the configuration of" a gun. Such observations provide an insufficient basis for an instantaneous intrusion into defendant's pocket. (See *People v Sanchez,* 38 NY2d 72; *People v Lewis,* 49 AD2d 558; *People v Batino,* 48 AD2d 619.) Concur—Stevens, P. J., Murphy, Silverman and Lane, JJ.; Kupferman, J., dissents in the following memorandum: Kupferman, J. (dissenting). The facts insofar as they are stated in the majority opinion are not disputed. There should be added, however, that the police officers were only 15-20 feet from the defendant with an unobstructed view (there being no cars parked near the curb), and the lighting in the area was very good. Also, the court at the suppression hearing found as a matter of fact that the contour of the bulge as seen by the police officers, was similar to a hand gun. It must be emphasized that the police officers behaved responsibly in

the exercise of their duty, and initially one of them merely squeezed the defendant's coat pocket, which on observation they had deduced contained a gun. I submit that the police action and procedure was in every way proper. Pursuant to the "stop and frisk" statute (CPL 140.50), they were in a public (very public) place and reasonably suspected a crime (possession of the gun) was being committed. The situation then authorized ("cried out for") the squeezing of the pocket leading to the conclusion that a crime was actually being committed. It may seem that we are bound by the very recent decision in *People v Sanchez* (38 NY2d 72) in which the Court of Appeals sustained suppression over the dissent of Jasen, J., with some similar circumstances. The United States Supreme Court in *United States v Watson* (423 US 411) has recently emphasized that in a public place, with probable cause to suspect a crime is being committed, a warrantless search is permitted. Situations like the one before us must be re-examined. Accepting the testimony of the police officers as to their observations, and the finding of the court at the suppression hearing, we have probable cause. Therefore, there was "no '* * * entrenchment upon individual liberty and privacy' ". (See *People v Sanchez, supra,* at p 75; *People v Johnson,* 30 NY2d 929, 930; cf. *People v Munoz,* 40 AD2d 337, affd without opn 33 NY2d 998.)