■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM BERNARD, Also Known as JAMES ROGERS, Appellant.—Judgment, Supreme Court, New York County, rendered on September 19, 1974, affirmed for the reasons stated by Denzer, J., in his decision denying the motion to suppress. Concur—Markewich, J. P., Kupferman, Lupiano and Birns, JJ.; Capozzoli, J., dissents in the following memorandum: The fact that the appellant had his hands in his pockets did not justify the officer's order to him to take his hands out of his pockets and the resultant frisk. When this occurred, according to the police officer's testimony, he was engaged in a casual and friendly conversation with the appellant's companion, having no relation to police business. The frisk was unlawful, as there was no reasonable basis to suspect that appellant was committing, had committed or was about to commit a crime. (People v Johnson, 30 NY2d 929; People v Batino, 48 AD2d 619; People v Lewis, 49 AD2d 558; People v Graves, 49 AD2d 844.) In People v Goings (51 AD2d 901), we granted a motion to suppress and dismissed the indictment, despite the testimony by the police that they saw a bulge "that appeared to be in the shape of a gun in [defendant's] right coat pocket". There was also testimony that the police saw a bulge, part of which was "similar to" or "appeared to be" or had "the configuration of" a gun. The recent decision of the Court of Appeals in People v Sanchez (38 NY2d 72) is particularly applicable to the case at bar. In this last cited case (p 75) the court said: "The search was not based upon any reasonable suspicion articulated by the police officer that he was in fear of physical danger * * * furthermore, no exigent circumstances were present to justify the immediate intrusion into defendant's pockets [citing case]. In sum, the officer could point to no 'particular facts' from which an inference could be drawn that defendant posed an imminent danger to him or his partner [citing cases]." Therefore, I would grant the appellant's motion to suppress and dismiss the indictment.

■ In the Matter of JOEL IFCHER, Respondent, v RUTH IFCHER, Appellant.—Judgment, Supreme Court, New York County, entered April 17, 1975, granting petitioner's application and awarding him sole custody of the children, unanimously affirmed, without costs or disbursements. The trial court conducted an extensive and eminently fair hearing on the issue of custody of the infant children and we concur in his finding that, despite the mother's claim of recovery from illness, the children should be placed in the custody of the father. Order, Supreme Court, New York County, entered June 18, 1975, denying respondent's application for further hearings and for counsel fees and fees to present expert medical testimony, unanimously affirmed, without costs or disbursements. The interim counsel fees awarded were appropriate. The trial court properly left the issue of any fees for expert testimony and additional counsel fees for disposition by the court hearing the main action for divorce. Concur—Murphy, J. P., Lupiano, Birns, Lane and Nunez, JJ.