THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH PROCHILO, Appellant.

Second Department, July 6, 1976

*Cally & Cally (James J. Cally* of counsel), for appellant.

*Eugene Gold, District Attorney (Richard E. Mischel* of counsel), for respondent.

SHAPIRO, J. This is an appeal by the defendant from a judgment of the Supreme Court, Kings County, rendered September 25, 1975, which convicted him, upon his plea of guilty, of possession of a weapon (as a class E felony); the appeal brings up for review the denial of defendant's motion to suppress the said weapon. We affirm.

The record discloses that while his partners (dressed in civilian clothes) were engaged in questioning persons in a high-crime area in Brooklyn, the arresting officer observed the defendant, who was dressed in tight-fitting clothes made from banlon, standing on the sidewalk near the officer's partners. The defendant began to make a sweeping motion with his hand from the front of his body to a bulge on his right hip. At that time, his brother officers were approaching the defendant with their shields displayed, but without having drawn their guns. As they were doing so, the defendant was beginning to stroke the bulge on his right hip. The officer then noticed that the bulge took the "complete outline of a * * * revolver" and, fearing for the safety of his brother officers, he reached for the defendant's revolver (a .32 calibre "Arminius" revolver which was loaded with seven live rounds of ammunition) and removed it from the defendant's taut waistband.[1] The defendant was then placed under arrest.

Accepting the version of the facts as they are found in this record, and as they were given credibility by the hearing Justice, the suppression motion was properly denied. This was not the case "of a search following the observation of a 'bulge' in the clothing of the defendant", as Mr. Justice HOPKINS puts it in his dissent. Rather, it was a seizure, without a search, of a gun which was seen by the officer through the tight banlon clothes worn by the defendant. It is clear beyond cavil that if the officer had seen the defendant with a revolver in his hand, he could have seized it and arrested the defendant. In my opinion there is no legal difference between that set of facts and those here, for, accepting the testimony of the officer as true, he too saw the defendant in possession of a revolver. Under the circumstances, the officer, from what he observed, was more than justified in coming to the reasonable conclusion that "the person[s] with whom he is dealing may be

---

1. The arresting officer explained his actions in the following language: "I saw the outline of a revolver. My partners were very close to him, and they may have been engaging him in conversation at that time. Fearing for their safety, I grabbed at the revolver." The testimony also disclosed that there were other persons in the immediate vicinity of defendant.

armed and presently dangerous" (see *Terry v Ohio,* 392 US 1, 30) or, as the Court of Appeals put it in *People v Moore* (32 NY2d 67, 69), "In the final analysis, the test is whether the facts available to the officer at the moment of the seizure would warrant a person of reasonable caution in believing that the action taken was appropriate."

Here, unlike the facts in *People v Sanchez* (38 NY2d 72, 75), the seizure was based upon "reasonable suspicion articulated by the police officer" that his brother officers were "in fear of physical danger as required by CPL 140.50 (subd. 3)" since the facts known to the officer linked "defendant to possession of a weapon" and he was therefore possessed of " 'particular facts' from which an inference could be drawn that defendant posed an imminent danger to him or his partner". The totality of the circumstances clearly indicated the need for immediate police action (see *Sibron v New York,* 392 US 40, 73).

The conclusion upon which the dissent is based, that "the search of the defendant depends solely on the officer's observation of a 'bulge' in the defendant's clothing", does not accord with the facts in the record and the proper finding of the Criminal Term based thereon. The "bulge" cases cited in the dissent are therefore inapposite for, as one of them pointed out *(People v Batino,* 48 AD2d 619, 620), "there was no testimony that the bulge formed the outline of a gun and the description given by the officer as to the appearance of the bulge was consistent with the possession of numerous objects, not contraband in nature".[2] Accordingly the judgment of conviction should be affirmed.

HOPKINS, Acting P. J. (dissenting). I dissent and vote to reverse the judgment, vacate the plea, grant the motion to suppress and dismiss the indictment.

This appeal involves again the issue of a search following the observation of a "bulge" in the clothing of the defendant— an issue with which this court is becoming increasingly familiar (see *People v Grant,* 53 AD2d 618), as has become the Appellate Division, First Department (see *People v Derrick,* 48 AD2d 620; *People v Batino,* 48 AD2d 619; *People v Lewis,* 49

---

2. See, also, in this connection, *People v De Bour* (40 NY2d 210), in which Judge WACHTLER distinguishes *People v Sanchez (supra)* and, in affirming a denial of a motion to suppress evidence, states: "In the first place the officer in *Sanchez* did not testify that the hard object he accidentally touched felt like a weapon *(Id.,* at pp 74–75). Here, the patrolman testified that when he noticed the bulge at the waistband he 'took it to be a gun.' "

AD2d 558; *People v Graves,* 49 AD2d 844; *People v Towers,* 49 AD2d 839; *People v King,* 50 AD2d 521; *People v Goings,* 51 AD2d 901).

In this case, the arresting officer testified that he was on automobile patrol in a high-crime area in Brooklyn. He said that while his partners were in the process of questioning persons, he noticed the defendant on the sidewalk near his partners. The defendant was dressed in tight clothes and was moving his hand toward a "bulge" on his right hip. Before the officer could act, his partners turned and started walking toward the defendant. As the officer walked in the direction of the defendant, he observed that the "bulge" had the form of a gun. The officer reached into the waistband and removed the gun. The defendant was then placed under arrest.

Unlike *People v Grant (supra),* where the police officers were in pursuit of a woman named in a bench warrant and entered a club where she had gone, this case concerns a street search, prior to which the defendant had not been the subject of investigation or displayed any action inviting scrutiny. The search of the defendant depends solely on the officer's observation of a "bulge" in the defendant's clothing.

I do not believe that a street search can legally or reasonably be based on that type of observation, even where the observation is made within a high-crime area. For the reasons stated in my dissent in *People v Grant (supra),* and in light of the cases cited therein, I would hold the search illegal, grant the motion to suppress and dismiss the indictment.

RABIN and TITONE, JJ., concur with SHAPIRO, J.; HOPKINS, Acting P. J., dissents and votes to reverse the judgment, vacate the plea, grant the motion to suppress physical evidence and dismiss the indictment, in an opinion, in which MARTUSCELLO, J., concurs.

Judgment affirmed.