■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD GREEN, Appellant.—Judgment, Supreme Court, Bronx County, rendered July 23, 1975, convicting defendant, upon his plea of guilty, of the crime of criminal possession of a controlled substance in the fifth degree, unanimously reversed on the law; the order of the court dated February 20, 1975 denying defendant's motion to suppress, unanimously reversed on the law; the motion granted; and the indictment dismissed. On August 19, 1974, at about 10:00 P.M., a police officer on radio motor patrol observed the defendant walking with a bicycle along 149th Street near Park Avenue in The Bronx. The officer observed a "bulge" in defendant's T-shirt and suspected that it was possibly a gun. However, at that point the bulge was too nondescript to identify it definitely as a gun. When defendant was abreast of the patrol car he was directed to stop. Upon closer observation by the police officer, the bulge appeared to be round and did not have the configuration of a weapon. The defendant, in response to inquiry about the bulge, stated that it was a set of bicycle tools. The officer, not believing this explanation,

patted down the defendant and discovered that the bulge was soft. He lifted the T-shirt and saw a clear plastic bag within which were visible glassine envelopes containing material later determined to be heroin. We find that the defendant was unlawfully stopped, and therefore the subsequent frisk and seizure of the heroin was also unlawful. A private citizen may not be stopped in a public place by a police officer engaged in a criminal law-enforcement function unless the officer has a reasonable suspicion that the person has committed, is committing, or is about to commit, a crime. A reasonable suspicion cannot be predicated upon a vague hunch but must be based on "specific and articulable facts," together with any logical deductions flowing therefrom (People v Cantor, 36 NY2d 106, 113). In the case at bar, the defendant was walking in an unhurried and unremarkable manner along the street (cf. People v De Bour, 40 NY2d 210, 221), and the mere presence of the nondescript bulge under defendant's shirt was insufficient basis to stop him (cf. People v Batino, 48 AD2d 619; People v Derrick, 48 AD2d 620). Concur—Markewich, J. P., Lupiano, Silverman, Lane and Yesawich, JJ.