■ In the Matter of ALLAN L., a Person Alleged to be a Juvenile Delinquent, Appellant.—Order of disposition, Family Court, Bronx County, entered June 23, 1976, and fact-finding determination of the same court made October 15, 1975, reversed, on the law, without costs and without disbursements, and the motion to suppress granted and petition dismissed. The intermediate fact-finding determination is brought up for review on the appeal from the order of disposition. The fact-finding determination was that appellant had committed an act which, if done by an adult, would have

constituted the crime of criminal possession of a weapon. On a radio call that there was a "suspicious youth" with a gun at a stated address, police went to the vicinity where they saw two boys and two girls on a stoop, not engaged in untoward conduct. Recognizing one of the boys as theretofore known to him, one of the officers escorted him into a lighted hallway. There he noticed a bulge in appellant's pocket, which was hard to the touch. Pursuing the search further, the officer withdrew a pistol from the pocket. The motion to suppress the fruit of the search was denied. It should have been granted. The police action had no basis other than an anonymous tip involving a nondescript identification. None of those encountered at the scene did anything suspicious to trigger further investigation, let alone the search. "It is clear that where an anonymous * * * tip giving a general description and location of a 'man with a gun' is the sole predicate, it will generate only a belief that criminal activity is afoot * * * That type of information will not of itself constitute reasonable suspicion thereby warranting a stop and frisk of anyone who happens to fit that description * * * In that situation, the police have only the common-law power to inquire for purposes of maintaining the *status quo* until additional information can be acquired" *(People v Stewart,* 41 NY2d 65, 69). "Even giving credence to the officer's training and experience, the mere observance of a bulge in a person's pocket cannot provide the basis for a frisk. There was no testimony that the bulge formed the outline of a gun and the description given by the officer as to the appearance of the bulge was consistent with the possession of numerous objects, not contraband in nature." *(People v Batino,* 48 AD2d 619, 620.)* At the argument, our attention was called to the case of *People v Goings* (41 NY2d 759), Court of Appeals, June 2, 1977, later than both *Stewart* and *Batino. Goings* was decided as part of a triad, the other two cases being *People v Prochilo* and *People v Bernard.* The Court of Appeals wrote for denial of suppression in *Prochilo* (p 762) because, "The officer * * * observed * * * the complete outline of a revolver," and in *Goings* (p 762) "one of the officers saw a bulge * * * which struck him immediately as having 'the configuration of a handgun,' 'the outline of a gun.' " In *Bernard* (p 762), by way of contrast however, denial of suppression was reversed because there was no observation from which an inference could properly be drawn of the presence of a gun, no outline being observed, and the objective evidence going no further than seeing "a heavy object slide against the material in the * * * pocket [and] feeling a hard object." In the instant case, there was no more seen or felt than a hard bulge; so in *Bernard. Bernard* buttresses the conclusion we reach that there was no basis in law for intrusion into appellant's pocket. Concur—Evans, Capozzoli and Markewich, JJ.; Kupferman, J. P., dissents in the following memorandum: I dissent on the authority of *People v Goings* (41 NY2d 759).