■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS BLACKMAN, Appellant.—Judgment, Supreme Court, New York County, rendered March 26, 1976, convicting defendant on his plea of guilty to criminal possession of a controlled substance in the third degree, unanimously reversed, on the law and on the facts, the plea of guilty is vacated, the motion to suppress is granted, and the indictment is dismissed. On the suppression hearing, the police officer testified that he observed the defendant talking to someone in a car and noticed a "large bulge" protruding from the defendant's right front pants pocket, which was "skin tight." Concluding that he had a gun, the officer approached, placed his hand on the bulge, at which point the defendant pushed the officer's hand away and emptied his pockets disclosing, among other things, a tinfoil packet of cocaine. Thereafter, an additional amount of cocaine was found on the defendant. The officer described the bulge as a "bunched fist of some kind." The rule is well established that a frisk pursuant to CPL 140.50 may not be predicated merely on the observation of a bulge in a pants pocket unless the bulge exhibits the outline of a gun. (See *People v Batino,* 48 AD2d 619; *People v Graves,* 49 AD2d 844; *People v Otero,* 51 AD2d 705.) *People v Prochilo* (41 NY2d 759), relied upon by the District Attorney, is entirely consistent with this principle. (See *Matter of Allan L.,* 59 AD2d 865.) Concur—Lupiano, J. P., Lane, Markewich and Sandler, JJ.