■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM PEARSON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered February 8, 1977, convicting him of criminal possession of stolen property in the first degree, attempted criminal possession of stolen property in the first degree and criminal possession of stolen property in the second degree (two counts, one under each of two indictments), upon his plea of guilty, and imposing sentence. Judgment affirmed. We have reviewed the record and agree with appellant's assigned counsel that there are no meritorious grounds which could be raised on this appeal. Counsel's application for leave to withdraw as counsel is granted (see *Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *People v Foster,* 58 AD2d 814). Damiani, J. P., Titone, Suozzi and Rabin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED RICHARDSON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered June 22, 1976, convicting him of criminal sale of a controlled substance in the second degree and attempted criminal possession of a dangerous weapon as a felony, upon his plea of guilty, and imposing sentence. Judgment affirmed. We have reviewed this record and agree with appellant's assigned counsel that there are no meritorious grounds which could be raised on this appeal. Counsel's application for leave to withdraw as counsel is granted (see *Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631). Martuscello, J. P., Damiani, Shapiro and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANNY SIMS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered April 4, 1974, convicting him of robbery in the first degree, robbery in the second degree, grand larceny in the third degree (two counts) and burglary in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. No questions of fact have been raised on this appeal. The District Attorney candidly concedes, and we agree, that the prosecutor, in the course of his summation, made a number of remarks which deprived defendant of a fair trial. In view of this determination, we have not reached the other questions raised by defendant. Damiani, J. P., Titone, Suozzi and Rabin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALONZO SINGLETON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered December 15, 1976, convicting him of attempted grand larceny in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and the facts, indictment dismissed, and case remitted to the Criminal Term for the purpose of entering an order in its discretion pursuant to CPL 160.50. This record reveals a failure of proof with respect to identification of the defendant as the perpetrator of the crime. That defect cannot be cured or waived by the defendant's willful absenting of himself from the trial. Hopkins, J. P., Titone, Suozzi and Margett, JJ., concur.