◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS MARQUEZ, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Richmond County, rendered June 19, 1979, convicting him of attempted criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of the defendant's motion to suppress evidence. Judgment reversed, on the law, motion to suppress granted, and indictment dismissed. The case is remitted to Criminal Term for the purpose of entering an order, in its discretion, pursuant to CPL 160.50. Under the circumstances at bar, the frisk of the defendant, based upon a large, nondescript bulge under his clothing in the area of the small of his back, was unjustified. (See, e.g., *People v Blackman,* 61 AD2d 916; cf. *People v Prochilo,* 41 NY2d 759.) Accordingly the weapon seized as a result of the frisk which followed the stop of the defendant's car should have been suppressed. (See *People v Sobotker,* 43 NY2d 559.) Hopkins, J. P., Rabin, Gulotta and Thompson, JJ., concur.

◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD NAHAS, Appellant. — Judgment of the Supreme Court, Kings County, rendered May 5, 1980, affirmed. No opinion. This case is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (subd 5). Hopkins, J. P., Damiani, Lazer and Cohalan, JJ., concur.

◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS ORTIZ, Appellant. — Appeal by defendant from two judgments of the Supreme Court, Kings County, both rendered June 21, 1979, convicting him of attempted rape in the first degree and two counts of attempted robbery in the second degree, upon his pleas of guilty, and imposing sentence. Judgments affirmed. We have reviewed the record and agree with appellant's assigned counsel that there are no meritorious grounds which could be raised on this appeal. Counsel's application for leave to withdraw granted (see *Anders v California,* 386 US 738; *People v Pearson,* 62 AD2d 1043; *People v Foster,* 58 AD2d 814; cf. *People v Gonzalez,* 47 NY2d 606). Titone, J. P., Lazer, Mangano and Cohalan, JJ., concur.