■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD JARRETT, Appellant. — Appeal by defendant from a judgment of the County Court, Westchester County, rendered May 21, 1980, convicting him of criminal possession of stolen property in the second degree, upon a plea of guilty, and imposing sentence. Judgment affirmed. We have reviewed the record and agree with appellant's assigned counsel that there are no meritorious grounds which could be raised on this appeal. Counsel's application for leave to withdraw as counsel is granted (see *Anders v California*, 386 US 738; *People v Pearson*, 62 AD2d 1043; *People v Foster*, 58 AD2d 814). Titone, J.P., Gibbons, Gulotta and Margett, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ACEY KING, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered May 26, 1978, convicting him of robbery in the second degree, upon his guilty plea, and imposing a sentence of from 2⅓ to 7 years in prison. Judgment affirmed. Defendant's contention that error occurred in the denial of his motion to suppress an inculpatory statement because he had not voluntarily waived his right to remain silent is without merit. The issue, as it was presented in this case, was one of credibility for the hearing court's evaluation and determination; our review of the record discloses no basis upon which to find that the court's ruling was incorrect in light of the testimony given. Although defendant was sentenced pursuant to the prescription for a "C" felony, upon the court's determination that it could not adhere to a previous promise of no more than "E" felony time, we find no error. *People v Selikoff* (35 NY2d 227), upon which defendant relies, requires only that a defendant be afforded an opportunity to withdraw his guilty plea when a sentence promised as a result of a negotiated plea cannot legally be imposed. Defendant was afforded but declined that opportunity, and the sentence actually imposed, evaluated in light of that permitted, may hardly be challenged as an abuse of discretion *(People v Caputo*, 13 AD2d 861). Titone, J.P., Gulotta, Cohalan and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT MACK, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered May 23, 1979, convicting him of burglary in the first degree, rape in the first degree, unlawful imprisonment in the first degree, assault in the third degree and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentences. Judgment modified, as a matter of discretion in the interest of justice, by reducing the sentences for rape in the first degree and burglary in the first degree to concurrent terms of imprisonment of from three to nine years. As so modified, judgment affirmed. The sentences were excessive to the extent indicated herein. Titone, J.P., Gibbons, Gulotta and Margett, JJ., concur.