■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AL J. S., Appellant. — Appeal by defendant, as limited by his motion, from a sentence of the County Court, Nassau County (Harrington, J.), imposed February 26, 1981. Sentence affirmed. No opinion. This case is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (subd 5). Mollen, P.J., Mangano, Rabin and Bracken, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO SANTANA, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Radin, J.), rendered August 1, 1978, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence. Judgment affirmed. We have reviewed the record and agree with defendant's assigned counsel that there are no meritorious grounds which could be raised on this appeal. Counsel's application for leave to withdraw as counsel is granted (see *Anders v California,* 386 US 738; *People v Ortiz,* 80 AD2d 837; *People v Pearson,* 62 AD2d 1043; *People v Foster,* 58 AD2d 814; cf. *People v Gonzalez,* 47 NY2d 606). Mollen, P.J., Damiani, Gibbons and Thompson, JJ., concur.

■ In the Matter of ERIC VITALIANO, Appellant, v EDWARD I. KOCH et al., Respondents. — In a proceeding pursuant to CPLR article 78 to compel the Board of Elections of the City of New York to conduct a primary election in the County of Richmond for the public office of Council Member-at-Large, Richmond County, the appeal is from a judgment of the Supreme Court, Richmond County (Rubin, J.), dated September 18, 1981, which denied the application. Judgment reversed, on the law and the facts, without costs or disbursements, and application granted. The primary election for Council Member-at-Large, Richmond County, shall proceed as scheduled. This case is distinguishable from *Matter of Lisa v Board of Elections of City of N. Y.* (82 AD2d 949). That case involved councilmanic districts which could possibly be changed if the Federal Government fails to approve the current redistricting plan as it applies to Bronx, Kings and New York Counties. The office of Council Member-at-Large is a county-wide office and Richmond County is not subject to the Voting Rights Act. Damiani, J.P., Gulotta and Margett, JJ., concur.