■ In the Matter of BART STASI, Appellant, v BOARD OF APPEALS OF THE VILLAGE OF WESTBURY et al., Respondents. — Appeal by petitioner from a judgment of the Supreme Court, Nassau County (Becker, J.), dated June 3, 1981, which dismissed his petition. Judgment affirmed, with $50 costs and disbursements. Although we would affirm based on the record submitted, we further note that the village has amended its zoning ordinance to preclude the storage of more than one commercial vehicle on a residential lot (see *Matter of Harper v Zoning Bd. of Appeals of Town of Lima,* 55 AD2d 405, affd 43 NY2d 980). Mollen, P. J., Lazer, Mangano and Niehoff, JJ., concur.

■ In the Matter of WYANDANCH TEACHERS ASSOCIATION, Respondent, v BOARD OF EDUCATION, WYANDANCH UNION FREE SCHOOL DISTRICT, Appellant. — Appeal from a decision of the Supreme Court, Suffolk County (Jaspan, J.), dated August 19, 1981, dismissed. No appeal lies from a decision. Judgment of the same court, dated October 28, 1981, affirmed, with $50 costs and disbursements. No opinion. Titone, J. P., Weinstein, Thompson and Brown, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARBARA ANNE CLINTON, Appellant. — Appeal by defendant from a judgment of the County Court, Suffolk County (Doyle, J.), rendered January 12, 1981, convicting her of attempted robbery in the first degree, on a plea of guilty, and imposing sentence. Judgment affirmed. We have reviewed the record and agree with appellant's assigned counsel that there are no meritorious grounds which could be raised on this appeal. Counsel's application for leave to withdraw is granted (see *Anders v California,* 386 US 738; *People v Pearson,* 62 AD2d 1043; *People v Foster,* 58 AD2d 814; cf. *People v Gonzalez,* 47 NY2d 606). Titone, J. P., Weinstein, Gulotta and Niehoff, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR COFFEY, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Nassau County (Vitale, J.), rendered February 10, 1982, convicting him of petit larceny, upon his plea of guilty, and imposing sentence. Judgment modified, as a matter of discretion in the interest of justice, by reducing the sentence to a term of probation of three years. As so modified, judgment affirmed and case remitted to the Supreme Court, Nassau County, to fix the terms and conditions of probation and for further proceedings pursuant to CPL 460.50 (subd 5). Under the particular circumstances of this case, a sentence of probation is warranted. We observe that it would be in defendant's best interests if the terms of probation include, *inter alia,* the requirements that defendant undergo a course of psychiatric counseling and therapy, and that he maintain good standing in a program of study leading, at minimum, to the acquisition of a high school diploma. Thompson, J. P., Bracken, Rubin and Boyers, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO J. DI MEO, Appellant. — Judgment of the Supreme Court, Kings County (De Lury, J.), rendered August 21, 1981, affirmed. No opinion. This case is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (subd 5). Titone, J. P., Weinstein, Thompson and Brown, JJ., concur.