■ The People of the State of New York, Respondent, v Leonard Hamilton, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered June 29, 1981, convicting him of two counts of murder in the second degree (intentional murder and, under circumstances evincing a depraved indifference to human life, recklessly engaging in conduct which created a grave risk of death, Counts Nos. 1 and 2, respectively), upon a jury verdict, and imposing sentence. Judgment modified, on the law and the facts, by reversing the conviction of murder in the second degree under Count No. 2, vacating the sentence imposed thereon, and dismissing the said count. As so modified, judgment affirmed. The indictment (Count No. 2) charged that the defendant, "under circumstances evincing a depraved indifference to human life recklessly engaged in conduct which created a grave risk of death to another person by beating her about the head and body *and leaving her without aid for a period of hours thereby inflicting wounds and injuries upon Nellie Louise Kelly which caused her death*" (emphasis supplied). The deputy medical examiner testified that the victim had died of either internal bleeding caused by a severe blow to the abdomen or a broken hyoid bone. He further testified that in the latter case death would occur in a few seconds and death would result from the abdominal injury sustained in no more than five minutes. There was insufficient evidence from which it may be concluded that leaving the victim without aid for a period of hours, as charged in Count No. 2, caused the victim to die. Thus, the conviction under that count must be reversed and the sentence imposed thereon must be vacated. We have examined defendant's other contentions and find them to be without merit. Titone, J. P., Lazer, Gibbons and Thompson, JJ., concur.

■ The People of the State of New York, Respondent, v James Isaac, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Richmond County (Owens, J.), rendered June 29, 1981, convicting him of attempted robbery in the third degree, on a plea of guilty, and imposing sentence. Judgment affirmed. We have reviewed the record and agree with appellant's assigned counsel that there are no meritorious grounds which could be raised on this appeal. Counsel's application for leave to withdraw is granted (see *Anders v California*, 386 US 738; *People v Pearson*, 62 AD2d 1043; *People v Foster*, 58 AD2d 814; cf. *People v Gonzalez*, 47 NY2d 606). Titone, J. P., Lazer, Gibbons and Thompson, JJ., concur.

■ The People of the State of New York, Respondent, v Archie Lewis, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Savarese, J.), rendered September 2, 1980, convicting him of rape in the first degree and sodomy in the first degree, after a nonjury trial, and imposing sentence. Judgment affirmed. The defendant's guilt was proven beyond a reasonable doubt. The accomplice Edmonds' testimony was amply corroborated by the two statements defendant gave to the police. Defendant *initially denied that he was present at the scene of the crime and asserted a false alibi.* He later admitted that he was present and witnessed the crime, but denied that he had touched the victim. These conflicting, exculpatory statements satisfied the statutory requirement for other evidence "tending to connect the defendant with the commission of [the] offense[s]" (see CPL 60.22, subd 1; *People v Burgin*, 40 NY2d 953; *People v Deitsch*, 237 NY 300, 303). Titone, J. P., Gulotta, O'Connor and Niehoff, JJ., concur.