Janis Marie **BOONE**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 05–86–00944–CR.

Court of Appeals of Texas, Dallas.

July 31, 1987.

Russ Henrichs, Dallas, for appellant.
Teresa Tolle, Dallas, for appellee.

Before DEVANY, STEWART and ROWE, JJ.

STEWART, Justice.

Appellant pled guilty to the unlawful possession of a controlled substance in an amount less than twenty-eight grams. The trial court assessed punishment at five years in the Texas Department of Corrections, probated for five years. In one point of error, appellant contends that the trial court erred in overruling her motion to suppress evidence seized without a search warrant. We affirm.

Dallas Police Officer Rex Post testified that he was on duty on March 17, 1986, at about 3:05 o'clock in the morning with his partner, Officer Gerald Runnels. At that time, appellant flagged the officers down in the 1400 block of Motor Street. Officer Post described appellant as having a broken nose, swollen eyes, and a swollen jaw that was possibly fractured. Officer Post also said that appellant appeared to be intoxicated. Appellant explained to the officers that her boyfriend had beaten her and that she needed transportation to the hospital. When asked for additional information, appellant refused and said she did not want to prosecute the person who had injured her.

Appellant was carrying a purse that Officer Post described as containing numerous large, bulky objects that poked or pushed the sides of the purse out. He also said the purse had a zipper that was open. Officer Post testified that they agreed to transport appellant to the hospital, but before letting her into the squad car, they asked her to allow them to look into her purse for their own safety. Officer Runnels' testimony was substantially the same; he testified that they explained to her that in order for them to give her a ride to the hospital, they would have to look through her purse. Appellant consented and handed her purse to Officer Runnels, who, without pulling the purse apart, placed the purse on the trunk of the squad car. Officer Runnels then instructed appellant to turn around so that he could conduct a visual search for protruding objects.

Meanwhile, Officer Post, without touching the purse, was able to look inside it and see a clear plastic container containing a white powdery substance and a clear liquid. A syringe was right beside the container. Touching the purse for the first time, Officer Post seized the above items. He arrested appellant "[t]he minute [he] seized what [he] believed to be drugs in her purse." Before this moment, Officer Post testified that they had neither detained nor arrested appellant for intoxication and that appellant was free to walk away.

Officer Post further testified that, had appellant refused to let them look into the purse, they would not have transported her, but that she decided to let them look in it. Had appellant refused, Officer Post

said he would have procured some other type of transportation for her. Officer Runnels testified that had appellant refused, they would have simply called an ambulance.

In appellant's only point of error, she contends that the trial court erred in overruling her motion to suppress evidence seized without a search warrant. Appellant contends that the prosecution failed to show justification for searching her purse. For the reasons given below, we disagree with appellant.

Appellant first relies upon comments by Justice Harlan in his concurring opinion in *Terry v. Ohio*, 392 U.S. 1, 32–33, 88 S.Ct. 1868, 1885–86, 20 L.Ed.2d 889 (1968):

> [I]f the frisk is justified in order to protect the officer during an encounter with a citizen, the officer must first have constitutional grounds to insist on an encounter, to make a forcible stop.... I would make it perfectly clear that the right to frisk in this case depends upon the reasonableness of a forcible stop to investigate a suspected crime.

*Id.* However, the gravamen of Justice Harlan's comment is on the necessity of determining first whether an officer had the right to stop a defendant before determining whether the frisk was proper. *See* 3 WAYNE R. LAFAVE, SEARCH AND SEIZURE § 9.3(b) (1987). In our case, the officers did not stop appellant; rather, appellant stopped the officers. Consequently, whether a stop was proper is not an issue on our facts.

Appellant next cites *Lippert v. State*, 664 S.W.2d 712 (Tex.Crim.App.1984), and *New York v. Batino*, 48 A.D.2d 619, 367 N.Y.S.2d 784 (1975), as two examples where courts have held that officers did not have justification to search an individual for weapons. Appellant then asserts that if the officers did not have justification to search the individual for weapons in a situation where the officers suspected criminal activity was afoot, as in *Lippert* and *Batino*, then certainly Officers Post and Runnels here had no justification to search her for weapons, because neither Officer Post nor Officer Runnels suspected any criminal activity at the time they searched her purse.

If the standard for a permissible frisk incident to an investigative stop set out in *Terry v. Ohio* and as applied in *Lippert* and *Batino* were applicable to our case, we would be inclined to agree with appellant that her bulky purse did not provide Officer Post a sufficiently articulable basis for searching her. However, we are not persuaded that the standard set out in those cases applies here.

Those cases involve situations where an officer suspects criminal activity is afoot but does not yet have probable cause to make an arrest. *See Terry v. Ohio*, 392 U.S. at 26, 88 S.Ct. at 1882. When suspecting criminal activity, an officer may make an investigative stop, and, pursuant to that investigative stop, the officer may perform a frisk, provided the officer has reason to believe the suspect is armed and dangerous. *See Terry v. Ohio*, 392 U.S. at 27, 88 S.Ct. at 1883. Our facts, however, involve no suspected criminal activity and no reasonable belief that appellant was armed and dangerous. The question before us is whether police officers who volunteer or agree to transport a person in distress may condition that transportation upon the person's first consenting to a safety check for weapons. Appellant has provided some authority upon this precise issue.

Appellant relies upon *California v. Scott*, 16 Cal.3d 242, 128 Cal.Rptr. 39, 546 P.2d 327 (1976). In *Scott*, the defendant and his son were standing on a traffic island in the early morning hours. Officers stopped to investigate. Defendant appeared intoxicated. The officers did not arrest defendant; instead, they volunteered to drive defendant and his son to San Francisco. The officers informed defendant that for their own protection it was necessary to pat him down for weapons. An officer told defendant to raise his arms, and defendant complied, neither objecting nor consenting to the search. As defendant lifted his arms, a pocket on his peacoat partially opened, revealing a clear plastic baggie containing a substance that appeared to the officer to be marijuana. The

officer examined the contents and arrested defendant for possession of marijuana.

The court held that the contraband was inadmissible as evidence. The court first stated that before the pat-down, the officer had to have reason to believe that he was dealing with an armed and dangerous individual, regardless of whether he had probable cause to arrest the individual for a crime. *Id.* at 249, 128 Cal.Rptr. at 44, 546 P.2d at 332 (citing *Terry v. Ohio*, 392 U.S. at 27, 88 S.Ct. at 1883). Because the officer never claimed that he feared the defendant was armed and dangerous and because nothing in the evidence could have led the officer to so believe, the court stated that the officer fell short of having an articulable belief and that the pat-down for weapons was an impermissible intrusion. *Id.*

 However, the court further stated that, in order to accommodate the state's interest in the safety of police officers who volunteer to give rides not required by their duty, a pat-down search would be valid under these or similar circumstances if the officers first inform the individual that he has a right to refuse the ride, but if he accepts it, he will be subjected to a pat-down search for weapons. *Id.* at 250, 128 Cal.Rptr. at 44–45, 546 P.2d at 332–33. The court then held that, because defendant was not given this option and because defendant had not consented to the search, the pat-down was an unreasonable invasion of defendant's privacy. *Id.* at 250, 128 Cal.Rptr. at 45, 546 P.2d at 333.

The *Scott* court found that the state's interest in the safety of police officers was a proper justification for their requesting a consensual search before providing transportation. We find the court's reasoning in *Scott* persuasive, and since we have been cited to no Texas authority in point on this issue, we apply the test set out there in disposing of the case at bar. Under the *Scott* test, the search here is valid. The court there first required the officers to inform the defendant of his right to refuse the ride; this requirement arose from the fact that it was the officers who volunteered to help the defendant.

This requirement is inapposite to our facts, because Officers Post and Runnels did not make an unsolicited offer to help appellant; rather, it was appellant who approached and requested help from the officers.

*Scott* next requires that the officers inform a defendant that if he accepts the ride, he will be subjected to a pat-down search for weapons. The officers in that case failed to so inform the defendant. In the present case, the officers informed appellant that they would have to look into her purse before allowing her to enter the patrol car. This evidence meets the *Scott* test.

The last requirement in that case is for the officers to obtain the consent of the defendant to perform the search. In *Scott,* the defendant neither objected nor consented to the pat-down. In the present case, appellant consented to the search and actually handed her purse to Officer Runnels. Applying the test set out in *Scott,* the officers' actions in the present case have not violated any of the appellant's rights. Consequently, the trial court did not err in overruling her motion to suppress evidence. Appellant's point of error is overruled.

The judgment is affirmed.